### 24191. BROWN v. THE STATE.

UNDERCOFLER, Justice. Charles Edward Brown, a minor aged 12½ years, was charged with five cases of arson by local law enforcement officers. On motion of the solicitor general, the judge of the superior court transferred the cases to the juvenile

court of the same county. On May 17, 1967, the juvenile court, on summons to said minor and his parents and after a hearing, found the minor to be a delinquent and placed him in the custody of the Georgia Division for Children and Youth, Department of Family and Children Services. On May 18, 1967, the minor, through his counsel, moved the juvenile court to "quash the complaint" on various constitutional grounds. The record shows no ruling by the trial judge on this motion. A notice of appeal was filed on May 23, 1967, by Amos Brown, father of Charles Edward Brown. On June 14, 1967, the appellant filed an application in this court for an extension of time to file the transcript of evidence and proceedings.

The errors enumerated by the appellant are based upon the lack of jurisdiction of the juvenile court, the evidence and the ruling on the motion to "quash the complaint." *Held:*

1. The juvenile court's order in this case recited therein the necessary facts to establish its jurisdiction as required by *Code Ann.* § 24-2421.

2. The appellant's application to this court for an extension of time to file the transcript of evidence and proceedings is denied under Rule 7 (*Code Ann.* § 24-3612) of the Supreme Court. Furthermore, it appears from a certificate of the clerk of the trial court that no application for such an extension of time has been made in that court as provided by *Code Ann.* § 6-804 (Ga. L. 1965, pp. 18, 21). Therefore, the record shows the transcript of evidence and proceedings for purposes of this appeal has not been filed as provided by law nor can it be filed now for consideration by this court. Accordingly, this court is not presented with the evidence in the case, or the ruling of the court, if any, on the motion to "quash the complaint." This is a court for the correction of errors only, and where consideration of the errors enumerated is dependent on the transcript of evidence and proceedings, this court has nothing to review without such transcript.

3. Appellant's motion that the record in this case be withdrawn and returned to the trial court until the transcript of evidence and proceedings is filed therein is denied for the reason that the granting of such motion would serve no purpose under the rulings of Division 2 hereof.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 10, 1967—DECIDED JULY 14, 1967—
REHEARING DENIED JULY 27, 1967.

*John H. Ruffin, Jr., Jack Greenberg, James M. Nabrit, III, Michael Meltsner,* for appellant.

*H. Cliff Hatcher,* for appellee.