47420.   BIRT v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted of theft by receiving stolen property. Motion for new trial was filed, amended and overruled. The appeal is from the judgment and sentence. *Held:*

Counsel for defendant was employed on Friday, February 18, 1972 (replacing previous counsel) and obtained a continuance until the following Monday. On Monday, February 21, 1972, he filed a special demurrer. The court suggested that the demurrer was too late as the defendant had been arraigned the week before, on February 14, 1972, which was the proper time for filing said demurrer. He refused to consider the demurrer for that reason. It is stated in the brief of State's counsel that counsel first employed by defendant "did announce ready for trial and waive formal arraignment" on February 14, 1972. If this contention is correct then the demurrer filed by counsel last employed was too late. The point thus becomes of such importance that this court has caused the clerk of the lower court to send up certified copies of the clerk's minutes of the proceedings in court as of February 14, 1972, and February 21, 1972. This record does not show that original counsel for defendant waived arraignment, but shows that his present counsel filed a demurrer to the indictment, before pleading thereto, on the 21st day of February, 1972.

*Code* § 24-2714, as amended, provides as to duties of clerks of superior courts: "To attend all sessions of the courts and keep fair and regular minutes of their proceedings from day to day, including a transcript of the judge's entry on his docket when not more fully shown in a book kept for that purpose." The Clerk of Superior Court of Barrow County is a public officer and all public officers are presumed to discharge properly the duties of their office. See *Truluck v. Peeples,* 1 Ga. 3, 5; *Benton v. Maddox,* 56 Ga. App. 132 (192 SE 316); *Town of McIntyre v. Scott,* 191 Ga. 473, 476 (12 SE2d 883). Thus, the record which has been forwarded by the clerk to this court is presumed to speak with verity. *Burger v. Dobbs,* 87 Ga. App. 88, 92 (73 SE2d 75); *Winn v. Armour & Co.,* 184 Ga. 769, 772 (193 SE 447).

Further, besides a failure of the clerk's records to show that there was an arraignment on the *14th* day of *February,*

1972, said records affirmatively show that there was no such arraignment on that date. On the clerk's court calendar for February 14, 1972, there is listed the name of Billy Sunday Birt, charged with theft by taking. Opposite his name appear the initials "B. F. & B. W." The Clerk certifies "that the notations of 'B. F. & B. W.' after the names of defendants indicates the announcement of the court at time of call of the arraignment calendar that bonds be forfeited and bench warrant issue." In other words, the defendant, Birt, was not present in court at the time, resulting in his bond forfeiture and a bench warrant being issued for his arrest.

Therefore, we find that the demurrer was timely filed, on the *21st* day of *February, 1972,* as there had been no prior arraignment.

*Code* § 27-1501 provides: "If the prisoner, upon being arraigned, shall demur to the indictment, or plead to the jurisdiction of the court, or in abatement, or any special plea in bar, the demurrer or plea shall be made in writing; and if such demurrer or plea shall be decided against the prisoner, he may nevertheless plead and rely on the general issue of 'not guilty.'"

The trial court should have considered the special demurrer. The mere call of the case is not a formal arraignment. It has long been the law in this State that demurrers, pleas and answers must be disposed of in that order; and it is error to proceed with the trial where demurrers or pleas remain for consideration. See *Code* § 27-1501; *Smith v. Hornsby,* 70 Ga. 552 (2); *Vaughan v. Farmers & Merchants Bank,* 20 Ga. App. 725 (1) (93 SE 228); *Kennedy v. Bateman,* 217 Ga. 458, 463 (123 SE2d 656). While the foregoing cases deal with civil practice the same law applies with equal force to criminal practice. See *Code* § 27-1501.

There was no waiver here of the demurrer. Although the trial court's ruling in refusing to hear the demurrer resulted from his mistaken impression that arraignment had been previously waived, it was error to refuse to rule

on the demurrer. This rendered nugatory all further proceedings in the case.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*
ARGUED SEPTEMBER 6, 1972—DECIDED NOVEMBER 14, 1972.

*Quillian & Quillian, Alfred A. Quillian,* for appellant.
*Nat Hancock, District Attorney,* for appellee.