### 47879. BROCK v. BAKER et al.

EVANS, Judge. Pursuant to Code Ann. § 3-808 (Ga. L. 1967, pp. 226, 244), Henry Brock, the plaintiff, renewed his original suit for personal injuries. One of the defenses filed by defendants contended that plaintiff's claim was barred by the statute of limitations. Plaintiff moved to strike said defense, and defendants moved for summary judgment, and contended the present suit was commenced before the cost was paid in the dismissed suit in violation of Code Ann. § 81A-141 (d) ( § 41 CPA; Ga. L. 1966, pp. 609, 653). The evidence and record before us on motion for summary judgment show that the renewed suit was filed on February 17, 1972. Plaintiff's counsel paid the costs in the dismissed suit on February 15, 1972, by check. The check was not entered on the cash records of the clerk's office until February 17, 1972; and for some reason unknown to plaintiff the docket clerk did

not enter said payment on the docket showing costs paid until February 18, 1972. But the clerk amended his records to show the costs in the dismissed suit were paid as of February 17, 1972.

Defendant's motion for summary judgment was granted, and plaintiff appeals. *Held:*

1. Defendant contends that plaintiff's attorney did not pay cash in payment of the court costs, but paid same by check, and contends that the check was not paid until the 23rd day of February, 1972; and that the law provides that a check is not payment until it has been presented to and paid by the bank on which it is drawn. Code § 20-1004. There is no merit in this contention. A tender properly made is equivalent to performance, and coin need not be actually presented unless demanded. Code § 20-1105. A very thorough discussion of this matter will be found in *McEachern v. Industrial Life &c. Ins. Co.,* 51 Ga. App. 422, 427 (180 SE 625), which, in substance holds that while strictly speaking a check is not legal tender, if the creditor accepts same and makes no objection to the specie of payment, this constitutes a waiver of the form of tender. In the case sub judice the clerk accepted the check and made no objection whatever to the form of payment of the costs. Of course, had the check been dishonored when presented to the bank, a different question would arise.

2. But the clerk's amended records show specifically that the court costs were paid on February 17, 1972. The records of the clerk are presumed to speak with verity as he is a public officer and is presumed to have properly discharged all of his official duties. See cases cited in the recent case of *Birt v. State,* 127 Ga. App. 532, 533 (194 SE2d 335). Thus, the records show the costs were timely paid, and the lower court erred in granting the summary judgment.

*Judgment reversed. Hall, P. J., and Clark, J., concur.*

ARGUED FEBRUARY 7, 1973 — DECIDED MARCH 5, 1973.

*Phillip Slotin,* for appellant.

*Gambrell, Russell, Killorin, Wade & Forbes, David A. Handley, Robert B. Wedge,* for appellees.