## 55119. THE STATE v. BRADSHAW.

SHULMAN, Judge.

Subsequent to his indictment on four criminal charges, appellee filed a notice to produce in accordance with Code Ann. § 38-801 (g). The state responded with a motion to quash the notice. After two hearings, the trial court issued an order modifying the notice. This interlocutory appeal was granted to review that order.

1. The trial court's order included a finding that the notice to produce, as drawn, was ". . . unreasonably oppressive, broad, indefinite and inclusive." Appellant argues that, after such a finding, the trial court was without authority to modify the notice. That argument is patently without merit in view of the language of the governing statute which empowers a trial judge to take that very action in that situation: ". . . the court, upon written motion . . ., may (1) quash or *modify* the subpoena if it is unreasonable and oppressive, . . ." (Emphasis supplied.) Code Ann. § 38-801 (b) (subsection (b) is made applicable to notices to produce by subsection (g)).

2. In a related enumeration of error, the state argues that the trial court, having found the notice to produce overbroad, was without authority to modify the notice without a showing by appellee that the items sought were specified, in existence, in the possession, custody and control of the prosecutor, material and relevant, admissible, necessary to his defense, and that the notice was made in good faith. It is then asserted that appellee failed to make the required showing.

Assuming, without deciding, that such a showing is necessary (but see *Haynie v. State,* 141 Ga. App. 688, 692-693 (234 SE2d 406)), the state has failed to demonstrate that the trial judge's order was not supported by the evidence. Although the trial court's order recites that evidence had been taken at the first hearing on this matter, and the notice of appeal stated that a transcript of

evidence and proceedings would be filed, no such transcript is included in the record sent to this court. There is in the record a certificate from the clerk of the trial court averring that, as of a date almost three months after the record was transmitted to this court, no transcript had been filed. "An appeal with enumerations of error dependent upon a consideration of the evidence heard by the trial court will, absent a transcript, be affirmed. [Cits.]" *Chapman v. Conner,* 138 Ga. App. 518 (1) (226 SE2d 625). See also *Brown v. State,* 223 Ga. 540 (2) (156 SE2d 454). The state, having failed, by not filing a transcript, to support its enumeration of error, is not entitled to reversal on this issue.

3. The state alleges that the trial court erred in ". . . making an order as unreasonably oppressive, broad, indefinite and inclusive as the Notice to Produce it found subject to those objections." That allegation is simply not borne out by the record. The items which the order requires the state to produce are fewer than those sought by the notice to produce and are limited to those relevant to the issues in the case. This enumeration is meritless.

4. In its final enumeration of error, appellant complains that the trial court made the order conditional, making compliance with the court's order a condition for denying appellee's notice to produce. Although the order does contain language of condition, the clear purpose of the language is to modify rather than condition. The court, rather than granting the motion to quash, modified the defective notice, restricting its scope. We hold that action to be within the authority to modify a defective notice conferred by Code Ann. § 38-801 (b) (1). Although the language involved may have been somewhat less than precise, there was no error in the order modifying appellee's notice to produce.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 18, 1978 — DECIDED FEBRUARY 8, 1978 — REHEARING DENIED MARCH 14, 1978 — CERT. APPLIED FOR.

*Harry N. Gordon, District Attorney, B. Thomas Cook,*

*Jr., Assistant District Attorney,* for appellant.
*Harris & Rice, Earl D. Harris,* for appellee.

ON MOTION FOR REHEARING.

In its motion for rehearing, the state contends that we have approved a notice to produce which compels the prosecution to produce police reports. Our holding, it is asserted, is in direct conflict with the decision in *Barker v. State,* 144 Ga. App. 339 (241 SE2d 11).

In *Barker,* this court did not say that a defendant is never entitled to copies of police reports. We said there that a defendant ". . . is not entitled as a *matter of right* to receive copies of police reports. [Cit.]" Id. p. 339. (Emphasis supplied.) In that case, by an in camera inspection and a continuing comparison of police reports to testimony, the trial court properly determined that, under the facts there, the defendant was not entitled to the police reports. Counsel has cited us to no cases holding that all police reports are absolutely privileged, and we are aware of none.

Since there is no absolute privilege protecting all police reports from compelled production for use by the accused, the correctness of an order which compels a limited production can only be determined by a review of the evidence. Since the state has precluded such a review by failing to file a transcript to complete the record of this appeal, we cannot hold the order erroneous. See *Brown v. State,* 223 Ga. 540 (2) (156 SE2d 454). Under these circumstances, we must presume that particular objections concerning privilege and confidentiality were raised by the state and considered and correctly rejected by the trial court. We hold, therefore, that the modified notice was not defective for the reasons asserted by the state in this motion.

*Motion for rehearing denied.*