## 62281. JONES et al. v. BRS, INC.

McMurray, Presiding Judge.

This action was brought in the State Court of Fulton County against two individuals in their individual capacity and as doing business as Center City Sporting Goods. The plaintiff sought a money judgment based on contract seeking both principal and interest and attorney fees. Both defendants were shown as served by a deputy marshal at a certain address. Thereafter, the case went into default, and judgment was awarded to the plaintiff for principal and interest and attorney fees. Whereupon the defendants filed a motion to vacate, contending there was lack of jurisdiction over the persons of the defendants; contending they had never been legally served, never waived service and never consented to service; nor had they designated any person to accept service for or on their behalf, the entry of service is false and not true, and the return of service is therefore false; and the judgment should be set aside as being null and void, filing in addition thereto their answers to the complaint. After a hearing on the motion to vacate the judgment, the same was denied, and the defendants appeal. *Held:*

At the hearing the deputy marshal who had signed the return of service was called for examination by the defendants. He acknowledged his signature upon the summons and the notation of service. His examination as a witness disclosed that he had served as many as a dozen suits upon Phillip Jones but he did not personally know James Jones and he had served so many of these papers he would not say yes or no as to whether he had handed these papers to them at all. However, he testified that his service, saying he had done so personally would lead him to believe that he did, remembering that on occasions when serving Mr. Jones, "his store manager [would call] him at home on the phone. And on two occasions . . . as I can recall, they called him at home on the phone. I personally spoke with the man. He asked me who the Plaintiff was, what the suit was about, which I explained. And he instructed me to leave it at the store, which I did." He did not testify that this occurred on this occasion, but testified further that, "I either served him personally at the store or was told on the phone to leave it," and he had served at least a dozen at this sporting goods store this year.

Phillip W. Jones was then called as a witness, who testified that neither he nor his brother were engaged in the business of Center City Sporting Goods, nor had he done business at the address where he allegedly had been served, was not at the address on the date he was allegedly served, but was in McDonough, Georgia, where he lives, and that his brother does not live at that address, and that he was not

handed a copy of a summons and complaint as the deputy marshal contended, in general, denying all the testimony as given by the deputy marshal.

The credibility of the witnesses here was for the trier of fact. The public official (deputy marshal) is presumed to have performed his legal duty until the contrary is shown. *Curry v. State,* 148 Ga. App. 59 (251 SE2d 86); *Victoria Corp. v. Fulton Plumbing Co.,* 150 Ga. App. 540, 542 (4) (258 SE2d 252); *Pope v. U. S. Fidelity &c. Co.,* 200 Ga. 69 (1), 74 (35 SE2d 899). Indeed a public official's services speak with verity until overcome by evidence. See *Birt v. State,* 127 Ga. App. 532, 533 (194 SE2d 335); *Brock v. Baker,* 128 Ga. App. 397, 398 (2) (196 SE2d 875). Here the testimony before the court, as trier of fact, would have been sufficient to overcome this presumption, but the trial court was authorized by the evidence before it to believe the testimony of the deputy marshal over that of the defendant as a witness in this instance.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 21, 1981.

*J. L. Jordan,* for appellants.
*T. Gordon Lamb, Hoke Smith III,* for appellee.