## 67045. MASH v. THE STATE.

McMURRAY, Presiding Judge.

By accusation defendant was charged with intentionally and without legal justification pointing and aiming a pistol at another, a misdemeanor. He was convicted and sentenced to serve six months, suspended on unsupervised probation, and to pay a fine of $400. After his motion for new trial and motion in arrest of judgment were filed, heard and denied, defendant appeals. *Held:*

1. The case is before this court without a transcript of evidence and proceedings in the trial court, and the notice of appeal so states that such would not be included. The first two enumerations of error are concerned with alleged errors of the trial court in subjecting the defendant to trial without counsel and without a knowing and intelligent waiver of counsel and in denying defendant a jury trial without first obtaining a knowing and intelligent waiver of the right to trial by jury. Without a transcript of the trial evidence and the proceedings we have no information available to pass upon the first two enumerations of error as to the proceedings occurring in the trial court as to any waiver, if in fact, the defendant was tried without a jury and without counsel. Defendant's present counsel argues and cites cases with reference to a presumption of waiver of counsel, that is, that a silent record is impermissible, contending that the record is devoid of any waiver whether knowing and intelligent or not. Nevertheless, it is the duty of the defendant on appeal to show error

affirmatively by the record and further that the error is harmful. The transcript of the evidence and proceedings is itself a part of the record, and the entire record is not before this court. Accordingly, we find no merit in the first two enumerations of error due to the absence of a complete transcript of the trial and proceedings. *Roach v. State,* 221 Ga. 783, 786 (4) (147 SE2d 299); *Robinson v. State,* 229 Ga. 14, 15 (1) (189 SE2d 53); *Brown v. State,* 236 Ga. 333, 334 (223 SE2d 642). We have only factual representation in the defendant's brief which cannot be considered with reference to what occurred at the trial. *Coweta Bonding Co. v. Carter,* 230 Ga. 585, 586 (1) (198 SE2d 281); *Stone v. Ridgeway,* 136 Ga. App. 264, 267 (2) (220 SE2d 722); *Raymond v. State,* 146 Ga. App. 452, 453 (2) (246 SE2d 461); *Young v. State,* 144 Ga. App. 712 (1) (242 SE2d 351).

2. The remaining enumeration of error contends that the trial court erred in denying the motion for arrest of judgment wherein the record revealed that the accusation had been based upon affidavit not properly executed. Defendant argues that the same is based on the affidavit of the sheriff as the prosecutor and the affidavit contained no signature but merely his typed in name. The record discloses that the affidavit was signed only by the typed in name, but it is sworn to and subscribed to before the deputy clerk of the state court. The cases cited by the defendant in his brief are all based upon defective affidavits. In the case sub judice, the affidavit is sworn to by the sheriff as prosecutor. It does not bear a mark made in contemplation of a signature. But the typewritten name amounts to a mark. Moreover, the deputy clerk of the court has evidenced the giving of an oath to the sheriff, and all public officers are presumed to discharge properly their duties and her signature speaks with verity as to same. See *Birt v. State,* 127 Ga. App. 532, 533 (194 SE2d 335); *Brock v. Baker,* 128 Ga. App. 397, 398 (2) (196 SE2d 875). The issuance of the oath by the deputy clerk has not been contested and she has so stated in the jurat that she administered an oath to the sheriff. If a special demurrer had been filed calling attention to the fact that the signature was absent the same could be obtained by amendment as the court has the discretion with reference thereto "even after the lapse of a lengthy period of time." *Pollard v. King,* 62 Ga. 103 (3), 106. Accusations may be amended prior to trial. OCGA § 17-7-71 (f) (formerly Code Ann. § 27-705 (Ga. L. 1980, pp. 452, 453; 1981, p. 828)). If same is amended, then the court on motion, "shall grant the defendant a continuance which is reasonably necessitated by an amendment," but we see no need to have an amendment here since the affidavit was sworn to as the deputy clerk so states in the jurat. See also in this connection *Moore v. State,* 94 Ga. App. 210, 213 (94 SE2d 80), and cases cited with reference to the right of the

defendant to a perfect accusation which may be waived in going to trial without complaining with reference to same. We find no reason to vacate and set aside and arrest the judgment. We find no merit in this complaint.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 18, 1983.

*Edward C. Parker,* for appellant.

*Gilbert J. Murrah, District Attorney, J. Richard Porter III, Assistant District Attorney,* for appellee.