69839. WHITE v. THE STATE.
(330 SE2d 760)

SOGNIER, Judge.

Appellant was convicted in the State Court of Chatham County of operating a boat at night without proper lights, and of unlawful

shrimping in closed waters with a power drawn net.

1. Appellant contends the trial court erred by permitting Ranger D. E. Davis to remain in the courtroom during the testimony of all witnesses and then testify in rebuttal. No transcript was filed in the State Court of Chatham County and, thus, is not available to us on review. However, the parties stipulated in writing that at the beginning of the trial the rule of sequestration of witnesses was invoked. Pursuant to the district attorney's request, the court excepted Ranger D. E. Davis from the rule and allowed him to remain in the courtroom to assist the district attorney in the presentation of his case. Davis testified as the first State witness, remained in the courtroom during the presentation of evidence for the State and the defense, and was called as a rebuttal witness after the close of the evidence for appellant. Appellant's objection to Davis' testifying in rebuttal was overruled, and he contends this was error. This contention has been decided adversely to appellant in *Wiseman v. State*, 168 Ga. App. 749, 751 (5) (310 SE2d 295) (1983), where we held that enforcement of the rule of sequestration is vested in the discretion of the trial court, and absent an abuse of discretion the trial court's decision will not be reversed by this court. We find no abuse of discretion here. Further, in criminal cases, violation of the rule of sequestration by *any* witness, either for the defense or for the prosecution, goes to credibility rather than admissibility of the witness' testimony. *Blanchard v. State*, 247 Ga. 415, 417 (1) (276 SE2d 593) (1981).

2. Appellant contends the trial court erred by refusing to recharge the jury upon request that it was not unlawful per se to use a power drawn net in salt waters for commercial shrimping, but was only unlawful if such waters were closed to commercial shrimping by the Commissioner of Natural Resources. Since there was no transcript this court ordered the attorneys for the State and the appellant to seek to supplement the record, with the trial judge's approval, by including the trial judge's entire charge. By affidavit filed in this court on February 18, 1985 the attorneys and the trial judge stated they had insufficient recollection or records which would enable them to supplement the record, and neither the trial attorneys nor the trial judge could recollect the entire charge.

In the absence of a transcript, we cannot consider an enumeration of error based on this request to recharge the jury when we do not have the transcript containing the entire charge of the court before us. *Brown v. State*, 223 Ga. 540, 541 (2) (156 SE2d 454) (1967); *Adams v. State*, 142 Ga. App. 252, 255 (7) (235 SE2d 667) (1977); *Tauber v. State*, 168 Ga. App. 53 (308 SE2d 419) (1983). Thus, we affirm.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED APRIL 10, 1985.

*Ronald C. Crawford*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, John E. Morse, Jr., Assistant District Attorneys*, for appellee.