## 42135. ANDREWS v. THE STATE.
### (330 SE2d 873)

GREGORY, Justice.

The defendant was indicted for the malice murder of Betty Jean Lee. He was convicted of felony murder[1] and sentenced to life imprisonment.[2]

At 6:30 p.m. on April 10, 1984, the victim and her brother, Melvin Collier, drove into the parking lot of the Beetkees Rainbow Liquor Store in Fulton County, Georgia. Collier became involved in an argument with the defendant who was in the parking lot with two male companions. Shortly thereafter, Collier entered the liquor store and urged a store employee to telephone the police. Collier then went back into the parking lot. The employee testified she observed the victim attempt to get Collier to withdraw from the disturbance. According to this testimony, the victim escorted her brother to the passenger seat of their car and waited for him to get inside. As the victim attempted to enter the driver's side of the car, the defendant began jumping in the air, striking the pavement with a knife each time he descended. The defendant then kicked a dumpster next to the victim's parked car. The victim appeared to say something to the defendant, and the defendant ran toward her, stabbing her in the neck. The witness testified she heard the victim cry, "he stabbed me." The defendant then walked to a puddle of water, washed his hands, and fled the scene. This witness testified the victim was not armed.

Another witness for the State testified he observed Collier sitting in the passenger seat of the car while the defendant stabbed the victim in the neck.

---

[1] The underlying felony charged by the trial court was aggravated assault.

[2] The defendant was indicted on June 22, 1984. He was convicted and sentenced on September 12, 1984. His motion for new trial was denied on January 25, 1985. The case was docketed in this court on March 25, 1985 and submitted on May 10, 1985.

The defendant testified that Collier lunged at one of his companions with a knife, and the defendant intervened to shield his friend. The defendant testified that he attempted to stab Collier "in the shoulder," but the victim stepped in front of Collier and was struck instead. The defendant admitted washing his hands in a nearby puddle and fleeing the scene.

There was no evidence the victim possessed a weapon at the time of her death.

1. The defendant was indicted for the malice murder of Betty Jean Lee "by stabbing her with a knife." At the close of the State's evidence, the defendant moved for a directed verdict of acquittal on the ground the State failed to prove the element of "premeditation." The defendant enumerates as error the denial of this motion by the trial court.

Premeditation is not a specific element of malice murder in Georgia. *Burnett v. State*, 240 Ga. 681 (242 SE2d 79) (1978). Giving the defendant the benefit of the doubt, we treat this enumeration as an assertion that the State failed to prove malice.

A motion for directed verdict of acquittal should be granted only where there is no conflict in the evidence, and the evidence demands a verdict of acquittal. OCGA § 17-9-1 (a). The defendant admitted killing the victim, but maintained he unintentionally stabbed her while intentionally attempting to stab her brother. Eyewitness testimony strongly indicated the defendant murdered the victim with malice aforethought. Considering this conflict in the evidence on the issue of malice, we find the trial court did not err in denying the motion for directed verdict of acquittal. Furthermore, after reviewing this record, we find a rational trier of fact could have found the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Last, we point out that the defendant was not convicted of malice murder, but of felony murder.

2. During closing argument defendant's counsel made several references to the State's failure to call Melvin Collier, brother of the victim, as a witness. During the State's closing argument the district attorney responded that defense counsel could have called Collier as a witness. Defense counsel objected to this argument as improper on the ground that the defendant had no duty to call any witnesses. The trial court overruled the objection, stating to defense counsel that both the defendant and the State "have a right to uninterrupted argument." The trial court informed defense counsel he should not object to argument "unless [the district attorney] misquotes the evidence in some way, or you are compelled in what you believe the law to be in interrupting."

At the conclusion of the State's argument, the defendant moved

for a mistrial on the basis of this statement by the trial court. The trial court denied the motion for mistrial. On appeal defendant argues he was denied a fair trial because the trial court chilled his right to object during the State's closing argument. We do not agree that the trial court's statements constitute reversible error. Further, we note that the defendant's right to object to the State's argument was not, in fact, chilled as the trial court sustained a subsequent objection to an expression of personal opinion by the district attorney.

The trial court did not abuse its discretion in denying the motion for mistrial. *Harper v. State*, 249 Ga. 519, 532 (292 SE2d 389) (1982).

3. The trial court did not err in refusing to charge the law of mutual combat. "Mutual combat usually arises when the parties are armed with deadly weapons and mutually agree or intend to fight with them. Mutual combat does not mean a mere fist fight or scuffle. [Cits.]" *Massey v. State*, 251 Ga. 515, 516 (307 SE2d 489) (1983). There is no evidence that the victim in this case was armed with a deadly weapon nor that the victim agreed to fight. Therefore, a charge on mutual combat was not authorized and the trial court properly refused to give this request to charge.

4. While not raised by the defendant, we have reviewed the record in this case and conclude a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the felony murder of Betty Jean Lee. *Jackson v. Virginia*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 27, 1985.

*Margaret H. Earls, Dennis R. Kruszewski,* for appellant.
*Lewis R. Slaton, District Attorney, Margaret V. Lines, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Senior Attorney,* for appellee.