43636. FOSHEE v. THE STATE.
(350 SE2d 416)

CLARKE, Presiding Justice.

Appellant was convicted and sentenced to life imprisonment for the beating death of his wife.[1] Although he contended that the injuries were caused by a fall while she was intoxicated, the autopsy findings according to the state's pathologist were not consistent with a fall but were consistent with injuries inflicted by a fist or hand. A pathologist called by appellant attempted to discredit the state's expert but could not attribute the numerous injuries to one fall. Appellant also testified that she suffered a fall on the previous night while moving some furniture and that a piece of furniture fell on her and caused her to have some pain during the night. But he testified that he saw no bleeding as a result of this incident. Two physicians who treated the victim after she sustained the injuries which led to her death testified that her injuries were not consistent with one or even several falls.

1. Appellant assigns error to the trial court's failure to give cau-

---

[1] The crime occurred on January 20, 1985. Appellant was indicted February 5, 1985, February 22, 1985, and tried April 2, 1985. He was convicted by jury verdict April 5, 1985, and sentenced April 8, 1985. A motion for new trial was filed May 2, 1985, and denied May 30, 1985. The transcript was certified February 14, 1986. The case was docketed in this court June 26, 1986 and argued September 15, 1986.

tionary instructions to the jury after the court denied a motion for mistrial but sustained defense objections to questions concerning prior difficulties between the parties. Appellant contends that under OCGA § 17-8-75 curative instructions are mandatory when a motion for mistrial is denied. We do not find that the statute requires such instructions. Instructions are not required on every occasion when an objection is sustained. The fact that a party may have attached a request for mistrial to an objection does not automatically elevate the objection to a more serious level. Here the court excluded admissible evidence. In a murder case recent prior difficulties between the defendant and the victim are relevant as showing motive. *Boling v. State*, 244 Ga. 825 (262 SE2d 123) (1979); *Pilcher v. State*, 170 Ga. App. 869 (318 SE2d 640) (1984). Therefore, the absence of curative instructions was harmless.

Appellant insists that the prosecutor's conduct throughout the trial was so prejudicial that he was denied a fair trial. However, he points to no specific conduct as prejudicial except the prosecutor's persisting in questioning appellant regarding the prior relationship between appellant and the victim. He also cites the fact that the court finally found the prosecutor in contempt for his continuing his line of questioning as an indication of egregious conduct. The court's holding the prosecutor in contempt occurred outside the presence of the jury. The appellant made no objection and asked for no curative instructions relative to the contempt.

Although appellant argues that the prosecutor repeatedly attempted to inform the jury that the victim had been beaten to death and that appellant was a known "wife-beater," he has shown us no instance of this in the transcript. We do not agree that inquiry into past relations between the victim and appellant is synonymous with characterizing appellant as a "wife-beater."

We find that the prosecutor's conduct was not so prejudicial as to deny appellant a fair trial.

2. Appellant argues that the burden of persuasion was impermissibly shifted to him. The trial judge in response to the state's objection to the introduction of a blood sample on the basis of chain of custody ruled that the jury must find beyond a reasonable doubt that the blood was that of the victim before the jury could consider the blood alcohol content of the blood. In *State v. Moore*, 237 Ga. 269, 270 (227 SE2d 241) (1976), we held that ". . . charges which place any burden of persuasion upon the defendant in criminal cases shall not be given and such charges will be deemed erroneous and subject to reversal, absent harmless error and invited error."

The state responds that since the appellant made no contemporaneous objection to the instruction he in effect waived it. The rule set out in *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980) and its

progeny in interpreting Code Ann. § 70-207 (present OCGA § 5-5-24) is that the statute relieves a criminal defendant from making exceptions to errors in a charge except in certain well-defined instances. See also *Lumpkin v. State*, 249 Ga. 834 (295 SE2d 86) (1982). However, these cases construe OCGA § 5-5-24, which concerns the charge to the jury at the end of the case. This statute does not relieve the criminal defendant of the obligation to make timely objection throughout the trial. This obligation is essential to the court's trying the case with as few errors as possible.

The state argues that even if there were error here, it was harmless error. We agree. Appellant contends that an important part of his defense of accident was the showing of the high alcohol content of the victim's blood. There was abundant evidence in the record that the victim had been drinking heavily. Therefore, the restrictive instructions were harmless.

3. The trial court's failure to charge on voluntary and involuntary manslaughter when a voluntary manslaughter charge had been requested by the state is enumerated as error by appellant. In *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976), this court held that it was error to fail to charge the jury on lesser included offenses of the crime charged when requested if there were evidence to support the charge. Appellant argues that there was some evidence of an argument and that this evidence along with evidence that he and the victim were intoxicated constitutes enough evidence to support the charge. However, he has consistently maintained that the victim's injuries occurred because of a fall while he was not present. Further, any "argument" between them occurred hours before he alleges that the fall causing the severe injuries occurred. There was no evidence which would have supported a charge of either voluntary or involuntary manslaughter.

4. Appellant enumerates as error the court's failure to suppress certain evidence obtained during a warrantless search. This enumeration is without merit because the search of appellant's apartment was carried out with his consent. He admitted at the hearing on the motion to suppress that he gave the detective the keys to the residence knowing that he would use them to look around. The court found that the search was a consent search, and we find no error in this finding.

5. The court's admitting a statement made by appellant before he was given *Miranda* warnings is assigned as error. At a Jackson-Denno hearing the detective who took the statement testified that appellant was not in custody at the time of the statement and was not a suspect. The court found that the appellant was not in custody at the time of the statement and that it was freely and voluntarily given. There was no error in admitting this statement taken before appellant was given *Miranda* warnings.

6. Appellant next contends that the court erred in incorrectly charging the jury on the presumption of innocence when the court said "You must wait for some evidence which convinces you of his guilt, and that's all the rule means; that when a person comes in to be tried he has a presumption in his favor and that the state should go forward and offer evidence to satisfy you of his guilt." Appellant contends that this statement could have led the jury to believe that only "some" evidence was required rather than proof beyond a reasonable doubt. However the court went on to strongly charge on the standard of proof beyond a reasonable doubt in a manner which left no room for confusion. We find that the charge as a whole correctly informed the jury as to the presumption of innocence and the standard of proof necessary to rebut this presumption.

7. Finally, we find that the evidence was sufficient to sustain the verdict under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The court did not err in refusing to grant appellant a new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 6, 1986 —
RECONSIDERATION DENIED DECEMBER 18, 1986.

*Cook, Noell, Tolley, Aldridge & Morris, Edward D. Tolley, Donna J. Salem,* for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Assistant Attorney General,* for appellee.