### 73807. SMITH v. THE STATE.
(356 SE2d 702)

Pope, Judge.

Patricia Ann Smith brings this appeal from her conviction of robbery by force. *Held*:

1. Defendant's first, second and fourth enumerations of error are argued together. The thrust of these enumerations is that the trial court erred in proceeding to hear and rule upon certain pretrial motions in defendant's absence. To the extent these pretrial motions involved only issues of law (demand for copy of indictment and list of witnesses, OCGA § 17-7-110; motion for discovery of defendant's in-custody statements, OCGA § 17-7-210; motion for copy of scientific reports, OCGA § 17-7-211; motion for full recordation), defendant's presence was not essential and her absence did not thwart a fair and just trial. *Riley v. State*, 180 Ga. App. 409 (1) (349 SE2d 274) (1986).

Defendant also moved for a voluntariness hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), and for disclosure of any exculpatory material in the State's file pursuant to *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). As to the *Jackson-Denno* hearing, the trial court found, "[a]fter hearing evidence and argument of counsel, . . . that no statement was made by the defendant under interrogation and therefore a hearing thereon is not required." As to the *Brady* motion, the trial court found that "after having examined the [State's] file, there is nothing exculpatory therein." Assuming arguendo that these pretrial matters comprised a "critical stage of the proceedings, such as would require reversal based on the defendant's absence . . ." *Gilreath v. State*, 247 Ga. 814, 824 (279 SE2d 650) (1981), cert. den., 456 U. S. 984, reh. den., 458 U. S. 1116 (1982), we find any error harmless beyond a reasonable doubt in light of the overwhelming evidence of defendant's guilt. See *Riley*, supra. See generally *Vaughn v. State*, 248 Ga. 127 (2) (281 SE2d 594) (1981); *LaRue v. State*, 137 Ga. App. 762 (2) (224 SE2d 837) (1976). Furthermore, defendant's assertions of injury amount to nothing more than unfounded speculation and provide no basis for reversal of her conviction.

2. Defense counsel's inability to recall the substance of three sidebar conferences during voir dire, inadvertently not recorded by the court reporter, provides no basis for reversal of defendant's conviction absent a showing of harm resulting from the omission. *Smith v. State*, 251 Ga. 229 (2) (304 SE2d 716) (1983); *Kelly v. State*, 174 Ga. App. 424 (3) (330 SE2d 165) (1985).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED APRIL 14, 1987.

*J. William Harvey*, for appellant.
*Glenn Thomas, Jr.*, District Attorney, *Christopher C. Edwards, Stephen D. Kelley*, Assistant District Attorneys, for appellee.