## 44430. WEBBER v. THE STATE.
### (361 SE2d 145)

SMITH, Justice.

The appellant, James Marcus Webber, was found guilty of the felony murder of Aaron Connell, Jr. We affirm.[1]

The appellant was employed at the Candlelight Club in Lyons,

---

[1] The offense occurred on February 16, 1985. The appellant was indicted on July 23, 1985, and found guilty by a Toombs County jury on August 28, 1986 and sentenced to life imprisonment. His motion for new trial was filed on September 12, 1986, and overruled on January 22, 1987. A notice of appeal was filed February 18, 1987. The record was certified February 25, 1987 and the case submitted for decision on April 23, 1987.

Georgia. On the night of February 16, 1985, a commotion erupted when one of the customers began brandishing an open knife. Two employees removed the customer from the club while he yelled and threatened to blow up the club. The victim, a friend of the ejected customer, grabbed the appellant several times in an effort to find out what was happening. The third time that the appellant was grabbed, he noticed that the victim had a knife. The appellant hit the victim, knocking him down. When the victim tried to get up, the appellant kicked him in the head, left him on the ground, walked to his truck, obtained a loaded pistol, and walked back toward the club. The appellant testified that he got the gun to prevent the ousted customer from hurting anyone. The appellant testified that as he walked back toward the club he noticed that the victim "had a knife on [one of the employees]," and as the victim and the employee were moving around, he hit the victim on the head with the gun. The appellant testified that he did not know that he shot the victim but that he hit the victim hard "enough that he wouldn't have to worry about that knife no more." The victim died as a result of a gunshot wound to the head.

1. We find the evidence introduced at trial sufficient to support the jury's verdict under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Williams v. State*, 255 Ga. 21, 22 (334 SE2d 691) (1985).

2. The appellant asserts that the trial court erred in failing to charge the jury that a felony murder conviction could not be based on the felony of voluntary manslaughter.

The indictment alleged the underlying felony for felony murder purposes to be the offense of aggravated assault. The jury was correctly charged on both felony murder and voluntary manslaughter. Viewing the charge to the jury and the recharge to the jury as a whole it is clear that the jury could not have been led to believe that they could utilize voluntary manslaughter for the underlying felony for the felony murder conviction. See *Malone v. State*, 238 Ga. 251, 252.(232 SE2d 907) (1977).

3. The appellant maintains that the trial court erred in failing to give the jury a charge on mutual combat.

Under the facts of this case we find that a charge on mutual combat was not warranted. See *Andrews v. State*, 254 Ga. 498, 500 (330 SE2d 873) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1987 —
RECONSIDERATION DENIED OCTOBER 28, 1987.

*Paul W. Calhoun, Jr., Donald P. Carpenter, G. Brinson Wil-*

*liams, Jr.,* for appellant.

Richard A. Malone, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, for appellee.