## 75977. JONES v. THE STATE.

(369 SE2d 314)

BIRDSONG, Chief Judge.

Appellant, Mark Howard Jones, was convicted of two counts of armed robbery, two counts of simple battery, and one count of burglary. He appeals asserting two enumerated errors. *Held:*

1. Appellant's first enumerated error is that the trial court erred in denying his motion in limine and in denying his motion for a new trial based on the same grounds. Appellant in his motion in limine moved the trial court to order that Sheryl Felts (who subsequently testified at trial under the name of Cheryl Phelps) not be compelled to testify against appellant who was alleged to be her common law husband. An unrecorded hearing on this issue was conducted, and the trial court subsequently denied the motion in limine (referring to the witness as Cheryl Felts) and later denied appellant's motion for new trial. At trial the prosecution called Cheryl Phelps to the stand who testified without further objection by the appellant concerning certain matters which she had seen and heard. The only significant references which the witness made to being the alleged wife of the appellant was that she also uses the name Cheryl Jones, that she lived with the appellant, and that she was "common law married" to him. In addition, a detective sergeant testified that appellant at one point was "emotionally upset," and that appellant asserted that the detective had "called his wife [Cheryl Phelps] and threatened her life." We note, however, that the trial record does not disclose that Cheryl Phelps personally asserted a spousal privilege not to be compelled to testify against the defendant. See generally OCGA § 24-9-23; *Price v. State,* 175 Ga. App. 780 (1) (334 SE2d 711); *Morris v. State,* 173 Ga. App. 663 (2) (327 SE2d 792).

Although the trial court has declared appellant indigent, and has directed the State to provide him with a trial transcript, appellant apparently took no steps, by making timely request or otherwise, to insure that the pretrial hearing regarding his motion in limine was duly recorded. Consequently, he has not provided this court with a transcript of such proceedings. Moreover, the appellant apparently has failed to request that the trial court reconstruct this hearing. See

generally OCGA § 5-6-41. Regardless of the reason for non-recording, in the absence of this transcript, we cannot consider appellant's first enumerated error, *White v. State*, 174 Ga. App. 531 (2) (330 SE2d 760), as meaningful review of this error is dependent on the transcript of evidence adduced at the pretrial hearing, *Brown v. State*, 223 Ga. 540 (2) (156 SE2d 454). An appellant has the burden of showing error affirmatively by the record and appellant has not attempted to supplement the record as provided for in OCGA § 5-6-41. Therefore there is nothing for this court to review. *Whisenhunt v. State*, 156 Ga. App. 583 (4) (275 SE2d 82), cert. den.

2. Appellant's second enumerated error is that the trial court erred in finding the appellant guilty as the evidence is insufficient to support the verdict.

The evidence shows that Mr. and Mrs. H. returned to their room at the Kings Inn hotel in the evening and found two men, one black and one white, going through their belongings. The first person Mr. H. saw, which was the white man, was wearing a stocking or pantyhose on his head. The white man grabbed Mr. H. who landed on the floor. When Mr. H. looked around, the white man was holding a gun on him. The black man asked Mr. H. for all of his possessions, and tore his wallet from him. Mrs. H. swung her purse at the white intruder, but he shoved her to the floor. She saw the black intruder kick her husband and bang his head into a dresser in an attempt to get his wallet. Her husband's car keys were also taken by force by the black intruder. The two men took Mrs. H.'s wallet, which contained credit cards, two travelers checks, a gift certificate, and at least $400 in cash. Her green crystal rosary with a silver cross was among the things taken from her. Mrs. H. made an in-court identification of the appellant.

On the evening of the incident, the general manager of the Kings Inn observed the appellant and a black man in the parking lot in the general vicinity of the H.'s room. The black man was carrying a beige object that may have been a sack or bag. Cheryl Phelps testified that on the evening in question, the appellant and Bobby Jones, the co-accused, were in the appellant's and her apartment. Bobby Jones had the appellant ask Cheryl for her pantyhose, which she gave to them. Bobby Jones then cut the legs of the pantyhose and the two men left the apartment. When the two men returned later that evening, they had travelers checks, jewelry and money with them. The jewelry was green crystal with a cross on the bottom of it. Bobby Jones burned the travelers checks. The next day the pantyhose were found in the garbage.

Our review of the trial transcript "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of [the offenses] charged." *Jackson v.*

*Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).
 *Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED MAY 2, 1988.

Robert L. Ferguson, for appellant.
Robert E. Keller, District Attorney, Albert B. Collier, Assistant
District Attorney, for appellee.