76449. OLLER v. THE STATE.
(371 SE2d 455)

BIRDSONG, Chief Judge.

Appellant was convicted of one count of child molestation and sentenced to ten years confinement. *Held*:

1. The State has filed a motion to dismiss this appeal on the grounds that the notice of appeal was filed late. Appellant is an indigent defendant. He was sentenced and advised of his right to appeal on April 8, 1987, and this judgment was filed on April 9, 1987. Pursuant to the procedural provisions of OCGA § 5-6-38 (a), appellant was required to file his notice of appeal within 30 days from the date of the appealable decision or judgment complained of. However, as May 9, 1987 fell on a Saturday, the filing time was extended by law to Monday, May 11, 1987. See, e.g., OCGA § 1-3-1 (d) (3); *Grant v. State*, 157 Ga. App. 390 (278 SE2d 53). On May 5, 1987, appellant who was then incarcerated in jail signed a letter, addressed to the trial judge, which although inartfully worded, clearly expressed his desire to appeal his criminal conviction. This letter was received on May 11, 1987, by the trial judge who filed it in the Office of the Clerk of Courts on the next day. First appellate counsel for the appellant was notified of her appointment on or about July 26, 1987. A formal notice of appeal was filed on August 5, 1987. On September 22, 1987, appellant filed a motion for out-of-time appeal, and a hearing on the motion was held on October 2, 1987. At the hearing the trial judge and appellant's counsel inserted into the record the chronological chain of events known to them regarding the filing of appellant's appeal. The trial judge observed that the appellant had dated his request for appeal within the 30-day time period, but that the letter had not reached the trial judge until after the period expired. The judge found this mailing delay to be inexplicable, but concluded that he was "not inclined" to charge the delay against the appellant. After considering the known chain of events and appellant's letter, the trial judge ordered that the appellant would be permitted to continue with his out-of-time appeal.

"The timely filing of a notice of appeal in accordance with the

statutory requirement is essential to confer jurisdiction upon an appellate court." *Mitchell v. State*, 157 Ga. App. 181 (1) (276 SE2d 864). However, the statutory time requirement of OCGA § 5-6-38 is to be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein, except as specifically referred to and authorized by applicable statute. OCGA § 5-6-30. Further, it is sufficient if the provisions of OCGA § 5-6-38 are substantially complied with in the notification of appeal process. OCGA § 1-3-1 (c).

As the trial judge concluded that any delay in forwarding appellant's letter requesting appeal would not be attributable to the fault of the *indigent* appellant, and as there exists no reason for this court to reverse this finding of the trial court, we are satisfied that appellant's letter would have reached the trial judge before expiration of the statutory appeal period but for the fault of some person or agency other than appellant. In *Douglas v. California*, 372 U. S. 353, 355-358 (83 SC 814, 9 LE2d 811), the United States Supreme Court held that an indigent accused who desired to appeal was entitled to the assistance of counsel on appeal. This constitutional requirement comprehends that effective assistance of counsel will be timely provided. See generally *Evitts v. Lucey*, 469 U. S. 387, 396 (105 SC 830, 83 LE2d 821); see also *Conway v. State*, 183 Ga. App. 573 (359 SE2d 438). "This right extends to every indigent accused who indicates his desire to appeal." *McAuliffe v. Rutledge*, 231 Ga. 1, 3 (200 SE2d 100). Further, we recognize that an unrepresented indigent accused, especially one who has been duly incarcerated following trial, is not always on the same footing, as the rich accused who is continuously represented by counsel of his own choosing, in drafting and submitting a notice of intent to appeal. In fact, one of the important functions of the appellate counsel is to timely "present an appeal in a form suitable for appellate consideration on the merits." *Evitts,* supra at 393. Nevertheless, "[w]here the record shows that a criminal defendant *voluntarily elects* to forego a timely appeal following conviction, it is not error to deny his subsequent motion for an out-of-time appeal." (Emphasis supplied.) *Westberry v. State*, 257 Ga. 617 (362 SE2d 346).

In view of the existing state of the law, coupled with the operative facts of this case, we are satisfied that the trial judge did not abuse his discretion in granting appellant's motion for out-of-time appeal. Accordingly, appellee's motion to dismiss appeal is denied.

2. Appellant asserts that the trial court "committed reversible error by permitting the introduction and . . . testimony of a crime committed by appellant in 1979 to be admitted into evidence."

Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, *outweighs* its prejudicial impact. "However, before it is admissi-

ble, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged." *Anderson v. State*, 184 Ga. App. 293, 294 (361 SE2d 270). Mere lapse of time between the commission of any prior similar crimes and the commission of the offenses currently at trial does not render the evidence automatically inadmissible. See *Rich v. State*, 254 Ga. 11, 14 (325 SE2d 761) (evidence eleven years old not inadmissible). Rather, lapse of time is a factor to be taken into consideration when *balancing* the probative value of the evidence against its potentially prejudicial impact.

We are satisfied that sufficient evidence exists to establish that appellant was in fact the perpetrator of the 1979 crimes. As in *Glass v. State*, 181 Ga. App. 448 (352 SE2d 642), appellant offered no evidence to contradict that he was the person named in the 1979 documents. Concordance of name alone is some evidence of identity; and, in the absence of any denial by the appellant or other proof to the contrary, this concordance of name is sufficient to show that the appellant and the individual previously convicted were one and the same person. Id. In fact, appellant judicially admitted that he was the same person as named in the record of indictment and previous convictions, and that his signature did appear thereon. Appellant, however, did vigorously contest the factual validity of the documents, claiming they did not accurately reflect the offenses to which he had pled guilty. Appellant testified that he had pled guilty only to two counts of incest, and that he had been told that the child molestation and sodomy charges would be dropped. The documents were duly certified as a true and correct copy of the original "indictment, plea and sentence" of record and of file in the clerk's office by the deputy clerk. Deputy clerks of court are public officers and are presumed to discharge their duties properly, and their signatures speak with verity as to the same. *Mash v. State*, 168 Ga. App. 491 (2) (309 SE2d 673). Thus, the authenticated records of the office of the clerk of courts likewise are presumed to speak with verity. *Brock v. Baker*, 128 Ga. App. 397 (2) (196 SE2d 875). Accordingly, appellant's assertions did not impair the *admissibility* of the documents, but merely raised an issue which required the jury to weigh duly the evidence before it.

We also are satisfied that there exists a sufficient similarity of connection between the prior independent crimes and the offenses charged. The sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts perpetrated upon them, is of sufficient similarity to make the evidence admissible. *Keeler v. State*, 181 Ga. App. 208 (2) (351 SE2d 731); *Phelps v. State*, 158 Ga. App. 219, 220 (2) (279 SE2d 513). Moreover, we are satisfied

that evidence of a conviction for incest with either a natural child or stepchild of unspecified age involves a lacivious motivation or bent of mind which generally will have some probative value in determining an accused's motivation or bent of mind in a subsequent trial for child molestation. "The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses." *Johnson v. State*, 242 Ga. 649 (3) (250 SE2d 394). Whether that evidence is admissible, thus depends on the result obtained when applying the balancing test above discussed.

Based on the above, we find that the trial judge did not err in exercising his discretion to admit the evidence of appellant's 1979 offenses.

3. Appellant's second enumerated error is that the trial court "committed reversible error in overruling [appellant's] motion for a mistrial during the closing arguments by [the] Assistant District Attorney."

At the outset, we note that the content of the closing argument of the prosecuting attorney has not been included in the trial transcript. Normally, we would decline to review the enumeration of error on this ground. See, e.g., *Brown v. State*, 223 Ga. 540 (2) (156 SE2d 454) (where consideration of an enumerated error is dependent upon a transcript this court has nothing to review without such transcript); *White v. State*, 174 Ga. App. 531 (2) (330 SE2d 760). Further, in such circumstances, when we cannot determine what argument was presented, and on what factual basis the trial judge's ruling was based, we normally would affirm peremptorily the trial court's judgment. See *James v. Housing Auth. of Atlanta*, 233 Ga. 447, 448 (211 SE2d 738).

In the case at bar, appellant's counsel objected to certain unrecorded remarks made during the closing argument of the prosecuting attorney, primarily on the grounds that such remarks impliedly shifted the burden of proof to appellant and moved for a mistrial. The trial judge declined to grant the mistrial motion and gave the following admonition in the presence of the jury: *"I'm going to admonish counsel for the State not to make any argument that even suggests or implies in the slightest way that there is any burden on this defendant to testify or to produce any evidence* or to do anything else, and there's not any evidence in the case that I think justifies the argument that is often made concerning the production of witnesses. . . . *And I'm going to admonish State's counsel that I believe that that may very well be improper argument* and . . . I'll ask you not to refer to anything that this person could do in defense of themselves because *he's not required to do anything. The presumption of innocence is in his favor and remains with him until the jury decides otherwise."* (Emphasis supplied.) This rebuke of counsel in-

herently contained a strong cautionary instruction to the jury in substantial compliance with the requirements of OCGA § 17-8-75. OCGA § 1-3-1 (c).

Thereafter, the State's argument continued until once again appellant's counsel intervened moving for a mistrial. At this point, the jury was removed. Appellant's counsel stated that for a second time it had been implied that the burden of proof had shifted to the appellant, notwithstanding the trial judge's prior admonition to the prosecutor. Following the prosecutor's denial that her remarks contained any such implication, the trial court strongly censured the prosecutor, as follows: "Well, let me tell you how the Court sees it. I felt, Ms. Benefield, that the Court made a ruling and I felt that you did not accept that ruling in any shape, form or description. *I almost felt that you were mocking this Court when you continued the particular line with the vehemence that you did; that you were unable to accept the ruling of this Court* in good nature and in good faith, and that's all I'm trying to do is create a level playing field. . . . But I think that you could not accept the ruling of this Court and then go on with your argument the way you had planned it, and I think that you came — you are so close and the Appellate Court may say that your argument was improper. . . . [T]he Court ruled . . . that the argument you made implied a shifting of burden. Now you didn't accept that. . . . And I want to tell you that I really and truly don't understand the attitude that you went back to your argument. I felt mocked. I felt disregarded. I felt disrespect, Ms. Benefield, and frankly this is not the first time. . . . I've felt it a great deal that you didn't respect the ruling that this Court made. And I really regret that. I really deplore that. . . . I'm not going to be mocked in this courtroom." (Emphasis supplied.) Thereafter, the trial judge overruled the second motion for mistrial and the jury was recalled.

Trial continued without any further cautionary instructions or counsel rebuffs, concerning this matter, being given to the jury. Subsequently, the trial judge expressly charged the jury both regarding the appellant's presumption of innocence and the State's burden of proof. Following the charge, appellant's counsel renewed all of its motions, including its motions for mistrial, but did not request any further cautionary instructions be given regarding the State's improper argument.

"The refusal to grant a mistrial based on alleged improper remarks of the prosecutor is within the discretion of the trial court . . . and we will not interfere with the decision on appeal unless there is manifest abuse." *Harrell v. State*, 253 Ga. 474 (4) (321 SE2d 739). Considering the state of the record and the totality of the circumstances, we are satisfied that the trial judge did not abuse his discretion in denying appellant's motions for mistrial. *Andrews v. State*,

254 Ga. 498 (2) (330 SE2d 873).

4. Appellant's final enumeration of error is that the trial court "committed reversible error when, after completing its charges to the jury, it did not attempt to erase improper comments made during State's closing argument from the minds of jurors by giving curative instruction as set forth in OCGA § 17-8-75." Appellant's counsel at trial did not request any specific curative instructions either after both instances of alleged prosecutorial improper argument or after the trial judge completed his charge. See generally *Hall v. State*, 180 Ga. App. 881 (3) (350 SE2d 801). A motion for a mistrial is not per se the equivalent of a specific request for a curative instruction to the jury. In fact, the party moving for a mistrial does not normally seek or want a cautionary instruction. If following a denial of a mistrial motion a party wishes the jury to be so instructed, it is in their best interest specifically to request so. This court has held that "if the trial court is not requested to take further curative action [following an objection to repeated improper remarks by the prosecutor], this failure to act cannot be addressed on appeal as error, although the original improper statement may be examined for reversible error." *Miles v. State*, 183 Ga. App. 346 (2) (358 SE2d 904).

We have already determined that the denial of the mistrial motion was not a manifest abuse of the trial judge's discretion. We are satisfied that in the absence of specific request made for an additional rebuking cautionary instruction, that it was not error for the trial judge to refrain from giving a cautionary instruction sua sponte, particularly in view of the original explicit rebuking instruction given in the jury's presence regarding apparently the same type of improper argument. See *Foshee v. State*, 256 Ga. 555 (1) (350 SE2d 416).

Moreover, assuming arguendo that the argument of the prosecutor did impliedly assert that the burden of proof had been shifted, we are satisfied beyond a reasonable doubt, that in view of the state of the competent evidence of record, the original explicit rebuking instruction and the charge to the jury, this error was harmless. See generally *Smith v. State*, 182 Ga. App. 623 (1) (356 SE2d 702) (for an error of constitutional magnitude the test for harmless error is that the "error [is] harmless beyond a reasonable doubt in light of the overwhelming evidence of . . . guilt").

We hasten to add that our holding today is not to be taken as an implied condonation of the prosecutor's conduct for we consider the findings of the trial judge that counsel's continued conduct was grounded on an intentional disregard of the judge's ruling to be most serious.

*Judgment affirmed. Banke, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Divisions 2, 3, and 4 but not in Division 1. This case illustrates the confusion regarding appeals in criminal cases where the simple mechanism of the form notice is not filed with the clerk within 30 days as provided by OCGA § 5-6-38 (a), and other attempts at appeal are made. The basis upon which this court has jurisdiction of this appeal is the defendant's letter of May 5 to the trial judge.

At the conclusion of the sentencing, the trial court advised defendant in the presence of his appointed counsel that he had a right to appeal if he wished, with counsel to be appointed if defendant could not afford one. The court also advised defendant of the right to sentence review. Then the court stated: "Any appeal that you file or any request for sentence review must be filed within thirty days from today. Do you understand this time limitation?" Defendant responded that he did.

There is no explanation of why his trial counsel did not file an ordinary notice of appeal. It would be incumbent upon him to do so, after ascertaining defendant's desires, rather than leave especially an incarcerated defendant stranded so that such defendant has to fashion and file a notice of appeal and seek the appointment of appellate counsel by himself. To leave such action to appellate counsel creates an impractical situation, for the prisoner would have to initiate a request for further counsel early within the thirty days in order to allow appointment of counsel and his subsequent filing of the notice.

The trial court apparently considered the prisoner's letter as a notice of appeal because it filed it and appointed new counsel to represent him. It was the new counsel who about ten days after appointment filed a "Motion for Out of Time Appeal." The court heard from new counsel and the state's trial attorney. Neither defendant nor his trial attorney were present at the hearing, so it is unknown whether defendant even conveyed to his attorney that he wished to appeal. The court expressed that it did not know if it had discretion, but if it did, it granted the motion. From the court's explanation, it appears that it did so because of the receipt of defendant's letter within the time for filing a notice of appeal.

Defendant's pro se notification to the court of his desire to appeal substantially fulfilled the requirements of a notice under OCGA § 5-6-37 in that the essentials were either set out or easily ascertainable and the deviations were excusable because it was filed by an incarcerated indigent defendant. Although there was no certificate of service, the state does not claim that it was harmed by the delay in its being informed of the appeal. Besides, a substantially complying notice may be amended, *Blackwell v. Cantrell*, 169 Ga. App. 795 (1) (315 SE2d 29) (1984), which office the notice later filed by new counsel served.

The defendant's notification was filed with the clerk, who indexed it as a Notice of Appeal, one day late. This was attributable to an unexplained delay in the judge's receipt of the letter six days after it was written from a nearby place of incarceration, which the trial judge considered material in determining timeliness, and to his having the notification one day before filing it. The judge may permit papers to be filed with him. OCGA § 9-11-5 (e); see *Hannula v. Ramey*, 177 Ga. App. 512, 513 (1) (339 SE2d 735) (1986). Although the judge did not note the date on the document, he established such in the record.

Since the notice clearly would have been timely had the judge written on it the date of filing or submitted it to the clerk for filing the same day as it was received, it should be regarded as timely within the circumstances of this case.

DECIDED JULY 13, 1988.

*Mary S. Feeney, Gloria D. Reed*, for appellant.
*Robert E. Keller, District Attorney, Debra Benefield, Assistant District Attorney*, for appellee.