A92A1607. BROWN v. THE STATE.
(423 SE2d 442)

POPE, Judge.

Defendant Robert Michael Brown was convicted of robbery and appeals.

1. The victim and her husband testified that after the robbery in the parking lot of a grocery store in DeKalb County on October 12, 1991, they reported the crime to the police and provided a description and license tag number of the car in which the suspect drove away. Remarkably, on October 20 the victim and her husband spotted the car on the road, recognized its tag number and the defendant. They followed the car to another store in DeKalb County and the victim went to a telephone booth and called the police. The officer who responded to the call testified that he heard the report of the tag number given over the radio and recognized it as the same number in-

volved in a robbery several days before. Assuming that the officer was referring to an unrelated crime which the State had agreed, in response to defendant's motion in limine, not to mention at trial, the defendant's attorney moved for mistrial. During questioning outside the presence of the jury, the officer stated he was referring to the report of the robbery of the victim on October 12. The trial court did not issue a specific ruling on the motion but reminded the officer not to refer to any other crimes. The testimony of the officer resumed without any further objection by the defendant or request for any cautionary instruction to the jury.

Defendant argues the trial court erred in denying his motion for mistrial. Since the officer did not refer in his testimony to any offense other than the one for which the defendant was being tried, no ground existed for declaring a mistrial and the trial court did not err in failing to grant defendant's motion for mistrial. Although it is not included in his enumeration of error, defendant also argues the trial court erred in failing to give an instruction or clarification to the jury that the officer was referring only to the crime for which the defendant was being tried. In addition to the fact that this argument is an improper expansion of the enumeration of error which we thus cannot consider on appeal (see *MacDonald v. MacDonald*, 156 Ga. App. 565 (1a) (275 SE2d 142) (1980)), it has no merit. Curative instructions are not mandatory after the denial of a motion for mistrial. See *Foshee v. State*, 256 Ga. 555 (1) (350 SE2d 416) (1986). Moreover, defendant's counsel in this case requested no instruction or statement of clarification to the jury. We conclude the trial court committed no reversible error in its response to defendant's motion for mistrial.

2. The indictment charging defendant with robbery alleged that he committed the crime by intimidation of the victim by use of threats and coercion and placing the victim in fear of immediate serious bodily harm. We have reviewed the evidence and find no merit in defendant's argument that insufficient evidence was presented to prove all essential elements of the crime as charged.

*Judgment affirmed. Johnson, J., concurs. Carley, P. J., concurs in Division 2 and in judgment.*

Decided October 15, 1992 —

*John H. Tarpley*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, J. Thomas Morgan III, Assistant District Attorneys*, for appellee.