## 31434. LITTLE v. THE STATE.

GUNTER, Justice.

This appeal is from a conviction for armed robbery and two convictions for aggravated assault. Three errors are enumerated that raise the following issues: (1) was there any evidence to support the verdict below?; (2) was the trial court's charge on alibi burden-shifting?; and (3) was the trial court's charge on desirability of the jury reaching a verdict proper?

We have carefully reviewed the transcript of the evidence, and we find that there was adequate evidence to support the convictions.

The pertinent part of the court's charge on alibi was: "I further charge you, ladies and gentlemen, that alibi involves the impossibility of the accused's presence at the scene of the offense at the time of its commission. Evidence as to alibi should be considered by you, the jury, in connection with all the other evidence in the case and if, on considering the evidence as a whole, the jury should entertain a reasonable doubt as to the guilt of the accused, it should be their duty to acquit. I further charge you, ladies and gentlemen, it is for you, the jury, to say whether under the evidence in this case the testimony of the

witnesses and the facts and circumstances sufficiently identify such defendant as the perpetrator of the crime beyond a reasonable doubt. It is not necessary that the defendant prove that another person committed the offense. It is sufficient if there are facts and circumstances in this case which would raise a reasonable doubt as to whether this defendant is, in fact, the person who committed the crime. In passing on this issue you would have the right to take into consideration all of the factors previously charged you in regard to the credibility of witnesses." This language, in the context of the entire charge, is not burden-shifting.

Finally, the charge of the court on desirability of the jury reaching a verdict was not erroneous. See *Ratcliff v. Ratcliff,* 219 Ga. 545 (137 SE2d 605) (1964), and *Spaulding v. State,* 232 Ga. 411 (207 SE2d 43) (1974).

We find no error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 13, 1976 — DECIDED JANUARY 4, 1977.

*Robert C. Ray,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.