*Mitchell A. Gross,* for appellee.

## 32484. STEPHENS v. THE STATE.

UNDERCOFLER, Presiding Justice.

Stephens appeals his conviction for armed robbery and sentence to 15 years. We affirm.

The state produced evidence to show a convenience store in Clayton County was robbed at 9:20 p.m. by a tall, thin black male armed with a silver pistol who demanded money and ordered the clerk not to "pull the bill" which would take his picture. The clerk did not pull the bank note from the register which would have activated an in-store camera, and she gave the robber some $40 in currency. A female customer and her child were near the check-out counter at the time of the robbery, and this adult witness and the clerk positively identified Stephens as the robber. They also testified he was dressed in an old "Budweiser fishing hat," a white tank-type shirt and green trousers. They also agreed that he wore brown platform shoes, but the mother thought he wore a flowered shirt. Another state's witness testified that at the approximate time of the robbery, he saw a black Cadillac, occupied by three persons, speed away from the store. About twenty minutes later, a convenience store in Fulton County was robbed by a tall, thin black male brandishing a silver pistol who demanded money and instructed the clerk not to "pull the bill" that would take his picture. This clerk pulled all of the one-dollar bills from the register, activating an in-store camera which photographed the robbery in progress. This witness was permitted to testify in the trial of the case here on appeal. She positively identified Stephens as the robber who was wearing a tan fishing hat, tan trousers, a white flowered shirt and brown platform shoes. She also testified she gave Stephens $60 in currency and watched him leave the store, get into the driver's side of a black Cadillac and drive away. The film taken of the robber at the Fulton store was also submitted into evidence by the prosecution during the testimony by the Fulton store clerk. Upon cross examination, the defense counsel also ran the film

and at the conclusion of testimony by the clerk, upon request of a juror, the film was run a third time. After the robbery in Fulton County, police, acting upon a telephone tip, arrested Stephens and seized a "Budweiser fishing hat," a white tank-type shirt, a pair of green trousers and a pair of brown platform shoes together with $47 in currency.

1. "Evidence of the commission of one crime is not admissible on the trial of the defendant for another crime, where the sole purpose is to show that the defendant is guilty of such other crime; but such evidence is admissible where there is some logical connection between the two from which it can be said that the proof of the one tends to establish the other; as where the extraneous crime forms part of the res gestae, or tends to prove malice, intent, motive, or the like." *Wilson v. State,* 173 Ga. 275, 283 (2) (160 SE 319) (1931). Also see *Cawthon v. State,* 119 Ga. 395 (4-5) (46 SE 897) (1903). The film and the testimony of the clerk from the Fulton County store were admissible because there was a logical connection between the two crimes. Therefore, appellant's enumeration of error charging such evidence put his character into evidence, was highly prejudicial and put him on trial for an offense for which he had prepared no defense is without merit.

2. Stephens attacks the indictment, arguing it did not sufficiently state that the property taken, i.e., United States currency, had a particular value. He also argues it was error for the trial judge to take judicial notice that United States currency has value. There was no error. The indictment, in pertinent part, accuses Stephens of taking ". . . from the person of Josephine Dresko, the following property, to wit: United States currency of Southland Corporation, d/b/a 7-11 store . . . " The language of the indictment follows closely the language of the statute setting forth the elements of the offense of armed robbery (Code Ann. § 26-1902; Ga. L. 1968, pp. 1249, 1298; 1969, p. 810). It offers no obstacle to Stephens preparing his defense; does not prejudice him nor establish a fatal variance because a specific value of the property taken was not stated in the indictment where, as here, ample proof of the amount, type and ownership of such property was introduced by the state. *Seabolt v. State,* 234 Ga. 356

(1) (216 SE2d 110) (1976) and cits.; *Byers v. State,* 236 Ga. 599, 600 (225 SE2d 26) (1976).

3. This court has not specifically stated that a trial judge may take judicial notice that United States currency has value and we do so now. United States coins and currency are established by statute as the legal tender for the payment of all debts, public and private, in this country (Pub. L. 89-81, Title I, § 102, July 23, 1965, 79 Stat. 255; USCA, Vol. 31, § 392, p. 472), and this is a matter of general public knowledge. See Code Ann. § 38-112 (Ga. L. 1819, Cobb, 272).

4. There is no merit to appellant's other arguments in support of his motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 1, 1977 — DECIDED SEPTEMBER 6, 1977.

*Arline S. Kerman,* for appellant.

*William H. Ison, District Attorney, Michael D. Anderson, Assistant District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.

