### A92A1533. SMITH v. THE STATE.
(424 SE2d 864)

JOHNSON, Judge.

Hosea Smith was tried and convicted of rape. He appeals.

1. Smith contends that the trial court erred in refusing to allow evidence regarding the victim's alleged past sexual behavior.

OCGA § 24-2-3 (b) provides that "[i]n any prosecution for rape, evidence relating to the past sexual behavior of the complaining witness may be introduced if the court . . . finds that the past sexual behavior directly involved *the participation of the accused* and finds that the evidence expected to be introduced supports an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of in the prosecution." (Emphasis supplied.) The trial court held a hearing in camera as required by the statute. Alvin Matthews and Smith himself were allowed to proffer their testimony regarding the victim's alleged past sexual conduct. Following the hearing, the trial court ruled that the jury would not be allowed to hear the testimony of either man.

Smith asserts that the court erred in excluding Matthews' testimony that the victim had offered Matthews sexual favors in exchange for drugs or money. This argument is without merit. Matthews' testimony could not support any inference that Smith reasonably believed that the victim consented to sexual intercourse because it did not refer to any past sexual behavior involving the victim and Smith, and because Smith did not even know about the alleged incident until *after* he had been charged with the rape.

Smith also asserts that the trial court erred in refusing to permit him to testify regarding the victim's reputation in the community for offering to exchange sex for drugs or money. In light of Smith's testimony during the in camera hearing that he was unaware of the victim's reputation for offering sex in exchange for drugs, we find this assertion to be without merit.

2. Smith contends that the trial court erred in admitting evidence of similar transactions. The State presented four witnesses, each of whom testified that she had been raped by Smith.

Smith first argues that there was no showing that he was prosecuted and convicted of three of these alleged offenses. This argument has no merit. We held in *Johnson v. State*, 193 Ga. App. 618, 620 (388 SE2d 866) (1989), that "there need not be a charge or conviction relating to the similar offense for it to be admissible[.] [Cit.]"

Smith also argues that there was insufficient similarity or connection between the other offenses and the crime for which he was charged. This argument has no merit.

The victim testified that around 3:00 in the morning she was walking home alone when Smith approached, pointed a gun at her, and told her to get into his car. She knew Smith because he was the brother of one of her friends. After driving her to a dirt road in a remote area, Smith forced her to have sexual intercourse with him twice.

The trial court held a hearing outside of the jury's presence. Four female witnesses testified that they were raped by Smith in separate incidents occurring between August 1982 and January 1991. Each witness testified that she knew Smith, and each identified him as the perpetrator of the attack; each testified she was alone when Smith approached her; and each testified that Smith threatened her either by saying that he was carrying a weapon or by showing her a weapon. Each testified that the attacks occurred late at night or early in the morning hours. The trial court also noted that three of the four victims were of similar stature. The incidents described by the witnesses are remarkably similar to the incident for which Smith was on trial.

"While generally evidence of other criminal acts committed by an accused is inadmissible because it tends to put the accused's character into evidence . . . exceptions allow independent crimes to be introduced on two conditions: 1) there must be evidence that defendant was in fact the perpetrator of the independent crime, and 2) there must be sufficient similarity or connection between the independent crime and the charged crime that proof of the former tends to prove the latter. Thereafter, the independent crime may be introduced to prove identity, motive, plan, scheme, bent of mind and course of conduct." (Citations and punctuation omitted.) *Belcher v. State*, 201 Ga. App. 139, 140 (1) (410 SE2d 344) (1991). The exceptions to the general rule have been liberally applied in cases of sexual crimes. *Perry v. State*, 158 Ga. App. 349, 352 (2) (280 SE2d 390) (1981). See also *Farmer v. State*, 197 Ga. App. 267, 268 (2) (398 SE2d 235) (1990).

The record shows that the trial court charged the jury prior to the testimony of each of the four witnesses on the law regarding similar transaction evidence. We find that the court properly admitted the testimony of the similar transaction witnesses, and properly instructed the jury as to the limited purposes for which they could consider this evidence.

3. Smith contends that the trial court erred in failing to give two jury instructions, neither of which he requested at trial. Smith's contentions are not supported by argument or citation of authority, and are thus deemed abandoned. See Court of Appeals Rule 15 (c) (2).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 5, 1992.

*Sarah M. Tipton-Downie, D. Duston Tapley, Jr.,* for appellant.
*Richard A. Malone, District Attorney, Melvin E. Hyde, Assistant District Attorney,* for appellee.