## A94A0123. WATTS v. THE STATE.
(440 SE2d 700)

BIRDSONG, Presiding Judge.

Coleman David Watts appeals his judgment of conviction and sentence for aggravated child molestation.

The victim's mother testified she observed appellant molesting her daughter (appellant's two-year-old great-granddaughter) by manually spreading the child's vagina open and performing an act of oral sodomy upon her; the child's panties and pants were pulled down to her ankles. A medical doctor testified he examined the victim and found that, although her hymen was intact, the child's vagina was "a little bit abnormally large" and she had a very small rectal tear. *Held*:

1. Appellant asserts the trial court erred in admitting testimony under the similar transaction rule, as the admitted extrinsic offenses lacked sufficient similarity. See generally *Williams v. State*, 261 Ga. 640 (409 SE2d 649) and *Stephens v. State*, 261 Ga. 467 (405 SE2d 483). Appellant has not asserted that the trial court failed to make the affirmative findings on the record required by *Williams*, supra at 642 (2b); accordingly, this issue is not before us on appeal. Court of Appeals Rule 15 (c) (2); *Moore v. State*, 207 Ga. App. 897, 898-899 (1) (429 SE2d 340).

An extrinsic transaction witness testified that when she was eight years old, appellant enticed her and four other girls into his trailer and put his hands inside her pants and started fondling her; appellant offered the witness $10 to go to bed with him. Another such witness, a granddaughter of appellant, testified that when she was four years old appellant induced her and a young friend into his van and, after bribing the girls with gum, pulled down their pants and fondled their vaginas; this conduct occurred on more than one occasion.

"[T]he issue of admissibility of extrinsic transactions has never been one of mere similarity. It is, rather, relevance to the issues in the trial of the case. Depending upon the purpose for which the extrinsic offense is offered, the state may be required to prove a high degree of similarity between relevant characteristics of the extrinsic offenses and the charged crimes, or it may only have the burden of showing a *logical connection* between crimes which are essentially dissimilar." (Citations and punctuation omitted.) *Brockman v. State*, 263 Ga. 637, 640 (436 SE2d 316). In this regard, "[t]he exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses." *Johnson v. State*, 242 Ga. 649, 653 (3) (250 SE2d 394). And, "[t]he sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts [or other conduct] perpetrated upon them, is of sufficient similarity to make the evidence admissible." *Oller v. State*, 187 Ga. App. 818, 820 (2) (371 SE2d 455); accord *Hall v. State*, 204 Ga. App. 469, 471 (1) (419 SE2d 503), citing *Boynton v. State*, 197 Ga. App. 149 (1) (397 SE2d 615). "The reason for this rule rests not only in the legal difficulty encountered with a child victim but because a sexual offense committed against a young child requires a special 'lascivious motivation or bent of mind which generally will have

some probative value in determining an accused's motivation or bent of mind in a subsequent trial for child molestation.' " *Adams v. State*, 208 Ga. App. 29, 32 (2a) (430 SE2d 35), citing *Oller*, supra; compare *Hall*, supra at 470-471. Pretermitting the issue of "similarity," these extrinsic sexual offenses against young girls per force have "logical connection" with the sexual offense perpetrated against appellant's young great-granddaughter and of which appellant was indicted and convicted. Appellant's enumeration is without merit.

2. Appellant's claim of insufficiency of evidence is without merit. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of aggravated child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED JANUARY 28, 1994.

*Michael A. Corbin*, for appellant.

*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellee.