## A94A1428. BROWN v. THE STATE.
(448 SE2d 723)

BEASLEY, Presiding Judge.

Brown appeals from his conviction and sentence for rape, OCGA § 16-6-1, and the denial of his motion for new trial.

1. Brown asserts that the court erred in denying his motion for new trial because there was no evidence against him except the unsupported testimony of the victim, which is insufficient for conviction. He cites no authority for this position. Even if we do not consider it abandoned under Court of Appeals Rule 15 (c) (2), his premise is incorrect; for there was other evidence.

The victim's testimony gave the details, and others corroborated it. She testified that after encounters with Brown earlier in the evening, she gave him permission to drive her home but he instead drove her to a secluded area on a dirt road where, despite her protests and struggles, he raped her. At one point she escaped from the car but he caught her and brought her back to the car. He then took her home. The victim's sister was there and testified that she heard the victim screaming and knocking on the door. She also testified that the victim was crying, had dirt on her shorts, her elastic shirt was stretched out of shape, and she appeared to have been in a fight. The victim's mother testified that the victim was highly upset, her clothes and hair were in disarray, she was bruised, and her elastic top had been stretched so it would not stay up.

There was also testimony from another woman who accompanied the victim during the prior encounters with Brown, from a scientist who found sperm in cervical and vaginal smears taken from the victim the night of the rape, and from the officer who investigated the rape. The evidence was sufficient to support the conviction. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Johnson v. State,* 209 Ga. App. 514 (1) (433 SE2d 717) (1993).

2. Brown contends that the court erred in refusing to allow him to present one witness who would have testified that he had previously engaged in sex with the victim for money and one witness who would have testified that the victim had previously approached him about exchanging sex for money. The first of these witnesses would have testified that these events occurred before the rape and that Brown knew of them at the time of the rape. Brown's only defense to the crime was that the victim had consented to sex in exchange for money. He testified that he and the victim engaged in consensual sex

and that the victim never left the car at the scene.

The general rule under the Rape Shield Statute is that evidence of the victim's past sexual behavior is inadmissible. OCGA § 24-2-3 (a); exceptions are permitted under subsection (b) or (c). Defendant's proffered evidence is not covered by subsection (b) because, for one thing, it did not "directly [involve] the participation of the accused." See *Smith v. State*, 206 Ga. App. 184 (1) (424 SE2d 864) (1992). In addition, as to one of the witnesses, there was no evidence that Brown knew of the victim's alleged prior behavior with the witness before the date of the crime. Thus it could not have affected Brown's belief in the victim's consent so as to be admissible under either subsection (b) or (c) (2). See *Concepcion v. State*, 200 Ga. App. 358, 361-362 (5) (408 SE2d 130) (1991); *Smith*, supra.

The only question remaining is whether the testimony of the other witness, who would testify that he had exchanged sex with the victim for money and that Brown knew of this at the time of the incident, should have been admitted under subsection (c) (2)'s "highly material" category.

The 1989 amendments to the Rape Shield Statute strengthened the general rule by narrowing the range of admissible evidence of a prosecuting witness' alleged past sexual behavior. The legislature changed "or" to "and" in subsection (b) so that the exception related only to past sexual behavior involving the defendant. Having thus reduced two exceptions to one, the legislature created another very limited exception for evidence which "is so highly material that it will substantially support a conclusion that the accused reasonably believed that the complaining witness consented to the conduct complained of and that justice mandates the admission of such evidence." OCGA § 24-2-3 (c) (2); Ga. L. 1989, p. 272, § 1.[1] Brown relies on this and argues that, since consent was his only defense, "justice mandates the admission" of the evidence.

Contrary to the State's position, subsection (c) (2) evidence need not relate to prior behavior between the defendant and victim. Nevertheless, we find no error in the exclusion of the evidence.

Whether to allow testimony concerning a rape victim's prior sexual history is in the court's discretion. See *Postell v. State*, 200 Ga. App. 208, 213 (4) (b) (407 SE2d 412) (1991), reversed on other grounds, 261 Ga. 842 (412 SE2d 831) (1992). Here the court was specific in exercising its discretion, finding that the evidence was not so highly material to the asserted defense because the alleged prior behavior was not connected with the defendant and his only informa-

---

[1] For legislative history of the 1989 amendment, see 6 Ga. State Univ. L. Rev. 245 (1989).

tion concerning it would have come to him as hearsay. The evidence Brown sought to admit did not concern any behavior or verbal exchange that concerned the defendant, it did not relate to this instance, and it could not legitimately be claimed to have prompted a belief in consent on *this* occasion. See *Johnson v. State*, 146 Ga. App. 277, 279 (1) (246 SE2d 363) (1978). It could not even be considered part of the res gestae, so it was not material, much less "highly material." Compare *Logan v. State*, 212 Ga. App. 734, 742-743 (1) (442 SE2d 883) (1994) (Beasley, P. J., concurring in part and dissenting in part).

" '(R)ape shield laws are intended generally to protect the complaining witness, thereby encouraging the reporting and prosecution of rapes[.]' [Cit.]" *Harris v. State*, 257 Ga. 666, 667 (1) (a) (362 SE2d 211) (1987). Allowing evidence of prostitution that does not relate to the incident itself discourages reporting and prosecution of rapes. Even if such evidence is accurate, it does not remove the protection of the Rape Shield Statute. Id. at 668 (1) (b). See also *White v. State*, 201 Ga. App. 53, 55-56 (2) (410 SE2d 441) (1991). Brown's attempt to broaden the subsection (c) (2) exception would, if accepted, destroy it. Consequently we reject it.

Brown was free to claim that the defendant had consented to sex in exchange for money and to cross-examine the victim about the issue of consent and about any monetary basis for that consent, which he did. He was not foreclosed from any evidence of what occurred between them on the occasion at issue or what led up to it. Given this breadth, any connection between this incident and the evidence of prior behavior which Brown wished to introduce was at most remote. Considering the unimpeachable objectives of the Rape Shield Statute and the clarity of its drawing, we hold that the court did not abuse its discretion in concluding that the evidence Brown sought to introduce was not so highly material to the defense that justice mandated its admission.

3. Finally, Brown asserts the court erred in granting the State's motion in limine concerning two defense exhibits. Brown made no offer of the exhibits, did not attempt to introduce them in any way and they are not part of the record on appeal. Brown has attached the purported exhibits to his appellate brief, but " 'a brief or attachment thereto cannot be used as a procedural vehicle for adding evidence to the record. (Cit.) "We must take our evidence from the record and not from the brief of either party." (Cit.)' [Cit.]" *Henderson v. State*, 203 Ga. App. 733, 734 (1) (417 SE2d 413) (1992).

The transcript reveals that the evidence sought to be introduced was a warrant sworn by the victim and an "agreement" by her to pay court costs if she withdrew prosecution. Brown asserts that these were relevant to the issue of the victim's state of mind in pursuing prosecu-

tion. He claimed they would reveal a delay in taking action to pursue prosecution and would address her credibility by showing she had a pecuniary interest in maintaining her version of the events. The court, noting that the case was proceeding under indictment so that the warrant was no longer relevant, ruled that the "agreement" was probably against public policy as well as being superseded and could not be discussed. The court did repeatedly point out that Brown could cross-examine the victim on any delay, which he did, and her state of mind concerning the prosecution, which he did not. As the warrant and associated "agreement" had been superseded by the indictment, *Ramsey v. State*, 189 Ga. App. 91, 94 (375 SE2d 63) (1988), and Brown had ample opportunity to explore the matters he wished to show by those documents, the court did not err in granting the State's motion in limine.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED SEPTEMBER 1, 1994 —
RECONSIDERATION DISMISSED SEPTEMBER 20, 1994.

*Tillman, McTier, Coleman, Talley, Newbern & Kurrie, William E. Holland,* for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney,* for appellee.