### A96A2110. HICKS v. THE STATE.
(476 SE2d 101)

ELDRIDGE, Judge.

Appellant Sheddrick Hicks challenges his conviction on one count of rape, one count of kidnapping with bodily injury, and one count of aggravated sodomy, for which he was sentenced to life in prison.

On January 23, 1994, police officers were dispatched to room 119 of the Candle Light Motel in Dublin, Laurens County, to respond to an assault. When police arrived, they found the victim upset, crying, and "a little hysterical." The victim told police officers that appellant had entered the motel room where she was staying with her young child; that she had asked him to leave; that he forced her to have sexual intercourse; that he wrapped his belt around her neck and dragged her around the room; and that he forced her to perform oral sex on him. The victim was then taken to the local emergency room for treatment for bruises and bite marks on her face and neck.

After the victim identified the appellant as her attacker, police officers at the scene approached the appellant to ask him a few questions. At that time, appellant admitted to police that he had just had sex with the victim. The police officers asked appellant to get into the

patrol car, at which time appellant told the officers that he needed to get his belt; appellant then retrieved his belt, which was on the floor of the motel room. The police officers were not questioning appellant when he mentioned his belt. The belt was later determined to be the same belt that was used to choke the victim during the assault. Appellant was subsequently charged with the crimes enumerated above and was convicted after a jury trial in November 1994. Appellant filed a timely appeal.

1. In the first enumeration of error, appellant alleges that the trial court erred by excluding portions of a conversation between appellant and the victim immediately prior to and during the course of the alleged criminal acts. The trial court ruled that the challenged evidence must be excluded under Georgia's "rape shield" statute, OCGA § 24-2-3.

Under the state's "rape shield" statute, "[i]n any prosecution for rape, evidence relating to the past sexual behavior of the complaining witness shall not be admissible" unless the trial court finds that the evidence relates to "sexual behavior directly [involving] the participation of the accused . . . and [which] supports an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of. . . ." OCGA § 24-2-3 (a), (b). However, evidence relating to the accused is admissible only if it is "so highly material that it will substantially support a conclusion that the accused reasonably believed that the complaining witness consented to the conduct complained of and that justice mandates the admission of such evidence." OCGA § 24-2-3 (c) (2). The purpose of the law is to "protect the complaining witness, thereby encouraging the reporting and prosecution of rapes" by excluding immaterial and prejudicial evidence of the victim's sexual history. *Brown v. State*, 214 Ga. App. 676, 678 (448 SE2d 723) (1994). Further, "[w]hether to allow testimony concerning a rape victim's prior sexual history is in the court's discretion." Id. at 677.

In the case sub judice, during an in camera hearing, appellant proffered evidence of portions of a conversation between appellant and victim that involved her past sexual abuse by family members and others. The proffered evidence also referred to emotional problems that the victim was experiencing as a result of her past sexual abuse. This evidence does not involve the defendant and does not support a defense of the victim's implied consent to appellant's acts.

Appellant claims that the evidence may establish the existence of a non-sexual relationship between the appellant and victim that could have created the impression of implied consent; however, the evidence is still inadmissible under the rape shield law unless it proves past sexual behavior directly involving the appellant. The past sexual activity that was excluded did not involve the appellant,

and the appellant admits that he had not met the victim prior to the date of the assault.

Finally, appellant claims that the evidence should have been admitted because evidence regarding prior false allegations of abuse made by victims may be used for the purposes of impeachment and as substantive evidence. However, "before such evidence can be admitted, the trial court must make a 'threshold determination (outside the presence of the jury) that a reasonable probability of falsity exists. . . . [Cit.]' " *Smith v. State*, 259 Ga. 135, 138 (377 SE2d 158) (1989), cert. denied, 493 U. S. 825, 110 SC 88, 107 LE2d 53) (1989). Appellant has proffered no evidence that the victim's allegations of past sexual abuse were false. Therefore, the evidence regarding portions of a conversation between appellant and the victim was properly excluded.

2. In the second enumeration of error, appellant asserts that certain statements made to arresting officers the night of the crime should have been excluded, since the statements were made prior to appellant being advised of his *Miranda* rights. See *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Appellant specifically objects to the admission of statements made while he was getting into the patrol car.

The necessity of giving *Miranda* warnings exists only when an individual is questioned while in custody. *Moses v. State*, 264 Ga. 313, 314 (444 SE2d 767) (1994). " 'Custodial arrest is said to convey to the suspect a message that he has no choice but to submit to the officers' will and to confess.' " Id. at 315, quoting *Minnesota v. Murphy*, 465 U. S. 420, 433 (104 SC 1136, 79 LE2d 409) (1984).

In the case sub judice, the victim identified appellant as her attacker, and appellant admitted having sex with the victim. At that point, as police officers were directing appellant into the patrol car, appellant mentioned that he needed to get his belt from the motel room. Appellant was allowed to retrieve his belt, which was subsequently determined to be the belt that was wrapped around the victim's throat during the assault. The police officers testified that they were not interrogating the appellant at that time, and the appellant has presented no evidence to the contrary. Even if the appellant was technically in custody at the time the statements were made, the appellant was not being questioned by police and *Miranda* warnings were not necessary. Therefore, the evidence was properly admitted.

3. Appellant asserts in his third enumeration of error that the trial court erred when it refused to instruct the jury on the rape shield statute, when the statute would have explained why some defense issues were not raised in the evidence. However, the rape shield statute was intended to protect rape victims by excluding irrelevant evidence of their past sexual histories. *Brown*, supra. By

charging the jury with the statute, the victim's sexual history is raised as a possible issue in the trial without further explanation, leading to juror confusion and unfair prejudice against the victim's credibility. Therefore, this Court finds appellant's argument regarding this proposed jury charge entirely without merit and affirms the judgment of the trial court.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED SEPTEMBER 19, 1996.

*Celia Larsen,* for appellant.

*Ralph M. Walke, District Attorney, Louie C. Fraser, Assistant District Attorney,* for appellee.