A97A2502. SWIFT v. THE STATE.
(495 SE2d 109)

BIRDSONG, Presiding Judge.

Appellant, Lester Swift, Jr., appeals his conviction of aggravated child molestation, aggravated sodomy, and incest of his four-year-old stepdaughter. He enumerates two errors. *Held*:

1. Appellant contends the evidence is insufficient to sustain his conviction of aggravated child molestation, aggravated sodomy, and incest. The child victim, who was the stepdaughter of appellant, testified at trial that appellant had hurt her "[r]ight here." (Note: The State for reasons unknown to this Court failed to identify for the record the exact places on the body to which the witness had pointed.) A pediatrician gave expert testimony that the child's vaginal and anus areas had been traumatized. The injuries which the child had received were consistent with a penis coming in contact with the child's anus or vagina. Further, although the laboratory tests for syphilis, gonorrhea, and HIV were negative, the tests revealed the child had contracted (genital) herpes simplex virus type two — which is most commonly transmitted by sexual contact. The day after the incident, the child's teacher, who has had nurse's training, took the child to the bathroom. During that time, the child spon-

taneously stated appellant had hurt her and when asked if appellant had spanked her, the child said no and volunteered that appellant had hurt her with his "thing." She subsequently identified the vaginal and anus areas of her body as the places where she had been hurt by appellant. The child repeated her statements to the lead teacher and the school's social services worker who notified DFACS. A police detective was called to the school. The child made a detailed statement to the detective that appellant "had taken a bath with her, and that afterwards he put her in her mother's bed; that he laid on top of her; that he tried to put his thing in her anal area, her buttocks area and her vaginal area"; and "when [appellant] was on top of her and trying to . . . put it into her, that it hurt her and she started to cry and that [appellant] had slapped her in the face and told her to be still." The child also depicted the event using a doll, and she pointed to the frontal area of the doll to demonstrate her knowledge of what appellant's "thing" was and stated that it was located "in his drawers." The detective talked with the child three times — once at school, once the same day at the doctor's office, and once the next day — the child never changed her version of what had occurred.

Pursuant to the pertinent provisions of OCGA § 24-3-16, "[a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another . . . is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." Appellant contends that the child's testimony and statements she made to adults about the incident lack credibility and are insufficient in weight to sustain his conviction. We disagree. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of aggravated child molestation, aggravated sodomy, and incest of which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred in admitting similar transaction evidence that, over ten years earlier, appellant had committed anal sodomy upon his younger brother and had sexual intercourse with his two younger sisters. We disagree.

(a) The requirements for admissibility of *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649), that is, proper purpose for admissibil-

ity, identity of the perpetrator and that the prior transaction be sufficiently similar or logically connected, can be established by the prosecutor's statement in place and by witness testimony. Compare *Phillips v. State*, 220 Ga. App. 248 (469 SE2d 292); *Allison v. State*, 213 Ga. App. 195, 196 (1) (b) (444 SE2d 347). (Note: In sexual abuse cases involving young children, a specifically averred indictment for which a defendant has been convicted, in certain limited circumstances, may also establish the requisite degree of similarity or logical connection. *Adams v. State*, 208 Ga. App. 29, 33 (3) (a) (430 SE2d 35) (whole court) (physical precedent only).)

Although appellant makes reference to the three factors required for the admission of similar transaction evidence pursuant to *Williams*, supra, the only *Williams* factor which he adequately asserts on appeal as constituting reversible error is the alleged failure of the State to establish the requisite degree of similarity of the prior transactions. Accordingly, all other issues regarding the requirements of *Williams* are deemed abandoned. Court of Appeals Rule 27 (c) (2).

(b) The trial court found that the State was offering the similar transaction evidence to prove appellant's bent of mind. This is a proper purpose for admissibility. "[E]vidence of a conviction for incest with either a natural child or stepchild of unspecified age involves a lascivious motivation or bent of mind which generally will have some probative value in determining an accused's motivation or bent of mind in a subsequent trial for child molestation." *Oller v. State*, 187 Ga. App. 818, 821 (2) (371 SE2d 455).

(c) The fact that the transactions at issue occurred over ten years previous does not preclude their admissibility. Mere lapse of time does not render a prior transaction automatically inadmissible; lapse of time between the prior transaction and the offenses being brought to trial is but one factor to be considered in determining admissibility. *Oller*, supra at 820 (2). The similar transactions at issue in this case were not rendered inadmissible due to lapse of time. *Cooper v. State*, 173 Ga. App. 254, 255 (1) (325 SE2d 877) (19-year time-lapse between incestuous relationships with defendant's daughters and granddaughters); compare *Phillips v. State*, 220 Ga. App. 248 (1) (469 SE2d 292) (testimony of defendant's prior sexual conduct occurring 12 or 13 years earlier with victim's half-sister).

(d) Appellant's contention that the other transaction evidence was not sufficiently similar for admissibility is without merit. Compare *Oller*, supra. " '(T)he issue of admissibility of extrinsic transactions has never been one of mere similarity. It is, rather, relevance to the issues in the trial of the case. . . .' In this regard, '(t)he exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses.'

[Cit.] And, '(t)he sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts (or other conduct) perpetrated upon them, is of sufficient similarity to make the evidence admissible.' [Cits.] 'The reason for this rule rests not only in the legal difficulty encountered with a child victim[, as can most readily be seen in the case at bar,] but because a sexual offense committed against a young child requires a special "lascivious motivation or bent of mind which generally will have some probative value in determining an accused's motivation or bent of mind in a subsequent trial for child molestation." ' *Adams v. State*, [supra], citing *Oller*, supra. . . . Pretermitting the issue of 'similarity,' these extrinsic sexual offenses against [appellant's younger brother and two sisters] per force have 'logical connection' with the sexual offense perpetrated against appellant's young [stepdaughter] and of which appellant was indicted and convicted." *Watts v. State*, 211 Ga. App. 774, 775-776 (1) (440 SE2d 700).

(e) Appellant states in his appellate brief that one of the defense's main concerns was that allowing the jury to hear the testimony of the prior victims could prove to be unduly prejudicial to appellant. Appellant's contention is without merit. The trial court expressly entered findings as to the three *Williams* factors and also, very astutely, performed a balancing test and entered a specific finding as to legal relevance of the similar transaction evidence. Moreover, "[a] trial court's finding that 'other transactions' evidence is relevant necessarily constitutes an implicit finding that the probative value of that evidence outweighs its prejudicial impact. Such evidence should be admitted and the prejudicial impact of that otherwise relevant evidence is a matter for jury instruction, and is not a factor in its admissibility vel non." *Farley v. State*, 265 Ga. 622, 625 (458 SE2d 643). Appellant has failed to establish affirmatively by the record, that the trial court manifestly abused its discretion in allowing the three siblings to testify regarding these prior similar transactions and in subsequently admitting the similar transaction evidence. Additionally, examination of the record reveals that the trial court did not err in performing the balancing test as to legal relevancy — the probative value of the similar transaction evidence was not outweighed by any potential for prejudicial impact.

(f) Contrary to appellant's contention, there exists no reversible error on the grounds that the record fails to establish that appellant's guilty plea to the prior sexual offenses of which he was convicted was entered voluntarily. Appellant testified that he was represented by counsel, had all of his rights explained to him as evidenced by the plea transcript, signed that he had understood his rights, and had, in fact, committed the acts and was guilty of them. Further, authenticated documentary evidence of appellant's indictment, plea tran-

script, and final disposition, regarding the prior offenses, establish that appellant pled guilty and that he "freely, understandingly, and voluntarily authorize[d] and instruct[ed] [his] attorney to enter, on [his] behalf, a plea" of guilty to the prior offenses of which he was convicted. These authenticated records of the office of the clerk of courts are presumed to speak with verity. *Oller*, supra at 820 (2). Accordingly, appellant's assertions did not impair the admissibility of the documents. Id.

Additionally, the testimony of appellant's younger brother and sisters which was legitimately admitted in evidence, independently established appellant's commission of the prior offenses. It is not a prerequisite to the admission of similar transaction evidence that the defendant was either charged or convicted of the extrinsic offense. *Smith v. State*, 206 Ga. App. 184 (2) (424 SE2d 864). Assuming that the admission of appellant's conviction for the prior offenses had been error, it would have been merely cumulative of the testimonial evidence admitted regarding appellant's prior sexual conduct with siblings. Evidence admitted erroneously is harmless where it is in effect cumulative of other admissible evidence. Compare *Tuggle v. State*, 211 Ga. App. 854, 857 (2) (d) (440 SE2d 740); see *Scott v. State*, 206 Ga. App. 23, 26 (1) (c) (424 SE2d 328); see also *Hayes v. State*, 215 Ga. App. 81, 84 (2) (449 SE2d 663).

Appellant's various contentions in support of his enumerations of error are without merit.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED DECEMBER 8, 1997.

*John D. Staggs, Mary E. Lysak*, for appellant.
*Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney*, for appellee.

