## S99A0230. MALLORY v. THE STATE.
### (517 SE2d 780)

BENHAM, Chief Justice.

This appeal is from James Mallory's conviction of felony murder and armed robbery.[1] The evidence adduced at trial authorized the

---

[1] The crimes were committed on March 24, 1996, and Mallory was indicted on June 27, 1996, for malice murder, felony murder (aggravated assault), felony murder (armed robbery), aggravated assault, and armed robbery. At a trial conducted January 6-9, 1998, the trial court directed a verdict of acquittal on the malice murder charge and the jury acquitted Mallory of felony murder (armed robbery), but convicted him on all other counts. The trial court sentenced Mallory to life imprisonment for felony murder and to 15 years to serve concurrently on the armed robbery conviction, and merged the aggravated assault conviction into the felony murder conviction. Mallory's motion for new trial, filed January 30, 1998, was denied September 30, 1998, and his notice of appeal was filed October 9, 1998. Pursuant to that notice of appeal, the case was transmitted to this Court and docketed on November 3, 1998, and was submitted for decision on the briefs.

jury to find the following as facts. While the victim, Tori Weston, sat with friends in his parked car, two other cars blocked its exit. Mallory got out of one of those cars and approached with a gun, along with several other young men. Weston and two others escaped and ran, but one of Mallory's companions pursued, firing a pistol. He caught Weston, grabbed him, and shot him in the neck, wounding him fatally. Weston's car was gone when his other companions returned, but was found in woods behind Mallory's home. The tires, speakers, and radio from it were found in Mallory's home. Shell casings from an automatic pistol were found at the scene, and a clip from an automatic pistol was found in Mallory's home. A week before the killing, Mallory warned Weston not to interfere with Mallory's gang, "LTC" (Local Town Crips), and threatened to shoot him. There was also a fight at school in which a large number of persons on Mallory's side, identified as persons affiliated with the same gang as Mallory, fought four persons, including Weston and another person who was with him on the night he died.

1. The evidence at trial, as summarized above, was sufficient to authorize a rational trier of fact to find Mallory guilty beyond a reasonable doubt of felony murder (aggravated assault) and armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Smith v. State*, 268 Ga. 42 (1) (485 SE2d 189) (1997).

2. The trial court charged the jury that if there were a conflict between the testimony of witnesses, it would be the jury's duty to resolve that conflict if it could without imputing false statements to either witness, but that if the conflict could not be so resolved, the jury was to decide which witness to believe. Mallory contends that the charge was erroneous because it is a "presumption-of-truthfulness" charge such as was disapproved in *Noggle v. State*, 256 Ga. 383 (4) (349 SE2d 175) (1986). However, the charge here is distinctly different from the charge disapproved in *Noggle*. That charge established a presumption that witnesses speak the truth unless they are impeached, that is, that an unimpeached witness must be believed. By contrast, the charge involved here contains no suggestion that an unimpeached witness must be believed, but merely urges the jury to attempt to reconcile conflicting testimony before considering the credibility of witnesses.

Mallory also contends that the charge at issue invades the province of the jury to make credibility determinations. That issue is controlled adversely to him by the holding in *Frost v. State*, 200 Ga. App. 267 (6) (407 SE2d 765) (1991). We find no error in the charge as given.[2]

---

[2] We note that the instruction at issue here was the occasion for this Court to reiterate

Mallory also complains that the charge addressed above conflicted with another charge on credibility in which the trial court told the jury that it was the sole judge of credibility. The charges are plainly not conflicting, but complementary in that one is general and the other specific: one tells the jury it is the sole judge of credibility; the other cautions the jury to try to resolve conflicts before judging credibility. We find no conflict and no error in that charge.

3. In a preliminary charge to the jury, the trial court gave an accurate statement of the State's burden of proof, but used the phrase "moral and reasonable certainty" in explaining that the burden on the State was to prove guilt beyond a reasonable doubt rather than beyond all doubt. In the general charge to the jury after the close of evidence, the trial court gave clear and thorough instruction on the presumption of innocence and the State's burden of proving guilt beyond a reasonable doubt, without using the phrase "moral and reasonable certainty." Mallory contends that the reference to "moral and reasonable certainty" was reversible error because it relieved the State of its burden to prove guilt beyond a reasonable doubt.

In a decision rendered shortly after the trial of this case, this Court expressly disapproved the use of the challenged phrase. *Wayne v. State*, 269 Ga. 36 (7) (495 SE2d 34) (1998). However, for reasons which also apply to this case, the conviction in that case was not reversed: "The use of the phrase 'moral and reasonable certainty' in a charge which, on the whole, repeatedly and accurately conveys the concept of reasonable doubt does not constitute reversible error. [Cit.]" Id. Because the trial court's preliminary charge in this case included an accurate statement of the State's burden of proof, and the general charge at the conclusion of the evidence stated the burden of proof correctly and without use of the challenged phrase, the charge as a whole does not require reversal.

4. In the course of its instruction on the State's burden of proving Mallory's identity as the perpetrator of the offense, the trial court charged the jury that "[i]t is not necessary that the defendant show that another person committed the alleged offense. It is sufficient if there are facts and circumstances in this case which would raise a reasonable doubt whether this defendant is, in fact, the person who committed the crime or was a party to it." Mallory contends that instruction requires reversal of his conviction because it shifted to him the burden of proving he was not the perpetrator.

We have previously held that a charge in that language is not

---

in *Whatley v. State*, 270 Ga. 296 (10) (b) (509 SE2d 45) (1998), our recommendation against the use of presumption-of-truthfulness charges. That case does not state, however, that the instruction involved here is a presumption-of-truthfulness charge.

burden-shifting (*Little v. State*, 238 Ga. 122 (231 SE2d 750) (1977)), and we adhere to that ruling today. That holding is particularly appropriate in this case, where the challenged language immediately followed a charge giving the jury responsibility for determining whether the evidence established beyond a reasonable doubt Mallory's identity as the perpetrator of or a party to the crime, and was followed by a charge that the jury had a duty to acquit if it had a reasonable doubt of his identity as the perpetrator of or a party to the crime. Nowhere in the charge was a suggestion that Mallory had any burden of presenting the "facts and circumstances" which the trial court instructed the jury could raise a reasonable doubt. The trial court made clear in its charge that the burden of proving all the elements of the offense remained at all times with the State. We find no error in the charge as given.

5. Mallory takes issue with the trial court's instruction to the jury that "[m]urder is a foreseeable consequence of a conspiracy to commit armed robbery and a co-conspirator is equally responsible for the murder, although he was not the actual slayer and was not present at the time of the killing." The correctness of that charge is moot because the jury acquitted Mallory of the felony murder charge premised on armed robbery as the underlying felony. *Nation v. State*, 180 Ga. App. 460 (6) (349 SE2d 479) (1986).

6. The trial court admitted evidence of Mallory's involvement with a gang. Mallory contends it was error to admit that evidence because it put his character in issue. Mallory concedes that evidence of gang membership is admissible to show a motive for the criminal conduct of a defendant (*Cyrus v. State*, 231 Ga. App. 71 (2) (498 SE2d 554) (1998)), but contends that since Weston was not shown to be a member of a rival gang, Mallory's gang membership had no bearing on Weston's shooting. The record, however, establishes a connection between Mallory's affiliation with a gang and the shooting of Weston. Mallory had earlier warned Weston not to interfere with his gang and had threatened to shoot him, and the fight at school occurred because one of Weston's acquaintances wore an article of clothing in a color associated with a gang inimical to Mallory's. Under those circumstances, there was no error in admitting evidence of Mallory's gang membership to show its bearing on his motive for the attack on Weston and his friends that resulted in Weston's death. Id.

7. In two enumerations of error, Mallory complains of the trial court's failure to conduct a hearing and make appropriate findings before admitting evidence of similar transactions, and of the admission of such evidence. The evidence Mallory challenges was of the fight at school referenced above and of another incident in which an argument involving Mallory and Weston escalated to an exchange of gunfire. The nature of the evidence undermines Mallory's complaint:

it is not evidence of similar transactions which the State adduced, but evidence of prior difficulties between Mallory and Weston.

> [E]vidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted.

*Wall v. State*, 269 Ga. 506 (2) (500 SE2d 904) (1998). The evidence of which Mallory complains was, therefore, admissible. Because it related to prior difficulties between Mallory and Weston, it was not subject to the hearing requirements relating to the admission of evidence of similar transactions. Id. Accordingly, the two enumerations of error in which Mallory complains of the admission of that evidence are without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 1999.

*Zell & Zell, Rodney S. Zell, Glenn Zell,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Robert E. Statham, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.