## S99A1421. SMITH v. THE STATE.
(521 SE2d 562)

HUNSTEIN, Justice.

Roderick R. Smith, Jr. was convicted of felony murder and aggravated assault in the shooting death of Abubeker Ebro Ali and was sentenced to life imprisonment. He appeals from the denial of his motion for a new trial.[1]

1. The evidence adduced at trial authorized the jury to find that around 5:00 a.m. on September 15, 1996, Ali, the night manager of an Atlanta convenience store, ordered two men out of the store who were trying to sell crack cocaine. An hour later, appellant entered the store and began to argue with Ali. Ali exited the protected cubicle around the cash register, carrying a baseball bat which he held in the middle. The only other customer inside the store overheard Ali telling appellant that he "[didn't] want to be bothered." The customer then heard gunshots. Another witness testified he was crossing the street when he noticed appellant outside the store while Ali was in the store's doorway; the witness first heard gunshots, saw Ali fall and appellant lean inside the door, and then heard more gunshots; and the witness then saw appellant fleeing the scene holding something silver in his hands. Ali died from a gunshot, fired at close range, that entered the right side of his face and neck and traveled through his chest and arm. That evening, appellant told a friend he killed Ali because the victim was going to call the police to report Smith for selling drugs outside the store.

We find this evidence sufficient to authorize a rational trier of fact to find appellant guilty of felony murder and aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no error in the trial court's refusal to give appellant's requested charge on voluntary manslaughter. The trial court charged the jury regarding self-defense. Even assuming, arguendo, that the victim's behavior in approaching appellant with a bat constituted "serious provocation," there is no evidence that appellant was "so influenced and excited that he reacted passionately rather than simply in an attempt to defend himself." (Footnote omitted.) *Worthem v. State*, 270 Ga. 469, 471 (509 SE2d 922) (1999). Accordingly, no

---

[1] The crimes occurred on September 15, 1996. Smith was indicted February 7, 1997 in Fulton County. He was found guilty on February 20, 1998 of felony murder and aggravated assault; he was sentenced that day to life imprisonment on the felony murder and ten years concurrent on the aggravated assault. The trial court subsequently merged the aggravated assault conviction with the felony murder conviction. Smith's motion for new trial, filed March 17, 1998, was amended and denied on January 25, 1999. A notice of appeal was filed January 26, 1999. The appeal was docketed on June 24, 1999 and was submitted for decision on the briefs.

charge on voluntary manslaughter was authorized here. Id.

3. Appellant contends the trial court committed reversible error by denying his motion for a mistrial after a witness, in an unresponsive answer to a question on cross-examination, stated that appellant was a "cold-blooded killer." The trial court gave detailed curative instructions to the jury in which it cautioned the jury that the witness was called to testify to his observations, not his opinions, and instructed the jury to disregard the comment the witness tacked onto his observations. Further, the jury acquitted appellant of malice murder and convicted instead on felony murder. "Given the trial court's curative efforts, the inadvertent nature of the witnesses' remarks, and the lack of apparent prejudice, we find no abuse of discretion in the denial of [appellant's] motion[ ] for mistrial." *James v. State*, 270 Ga. 675, 677 (4) (513 SE2d 207) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1999.

*J. Robert Joiner*, for appellant.

*Paul L. Howard*, District Attorney, *Bettieanne C. Hart, Elizabeth A. Baker*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Jeanne K. Strickland*, Assistant Attorney General, for appellee.