A99A2102. MYRICK v. THE STATE.
(531 SE2d 766)

SMITH, Judge.

Willie James Myrick was indicted by a Lamar County grand jury on charges of rape and aggravated child molestation of one of his

stepdaughters and on a charge of child molestation of a second stepdaughter. A jury acquitted him of rape and aggravated child molestation but found him guilty of child molestation. His amended motion for new trial was denied, and he appeals. Finding no error, we affirm.

1. In several enumerations of error, Myrick complains that the trial court erred in admitting medical testimony that the second child's physical condition was consistent not only with digital penetration but also with sexual intercourse. We disagree and affirm.

Initially, we reject Myrick's contention that the trial court erred in not holding a hearing for the admission of similar transaction evidence under Uniform Superior Court Rule 31.3 before admitting the testimony. Here, the younger stepdaughter testified that Myrick had sexual intercourse with her. In *Wall v. State*, 269 Ga. 506, 507 (2) (500 SE2d 904) (1998), the Supreme Court of Georgia held that

> a pre-trial hearing was no longer required on evidence of prior difficulties between the victim and the accused. Since the challenged evidence in this case concerns the relationship between the victim and [the defendant], the procedural requirements of Uniform Superior Court Rule 31.3 do not apply.

*Suggs v. State*, 272 Ga. 85, 86 (2) (a) (526 SE2d 347) (2000).

In addition, the record reveals that Myrick filed a motion in limine seeking to exclude various items of evidence or testimony, including this medical evidence. The trial court held a hearing on the motion, at which Myrick's arguments were discussed in detail. After considering the question until the next day, the trial court placed on the record a weighing determination and a specific finding of relevance. Such a finding is reviewed on an abuse of discretion standard. *Swift v. State*, 229 Ga. App. 772, 775 (2) (e) (495 SE2d 109) (1997). Myrick has not shown such an abuse of discretion, nor has he shown a violation of due process, irrelevance or immateriality, or a shifting of the burden of proof.

> Evidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted. [Cit.]

(Punctuation omitted.) *Mallory v. State*, 271 Ga. 150, 154 (7) (517 SE2d 780) (1999). Even in the case of a similar transaction against a

different victim, "the sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts or other conduct perpetrated upon them, is of sufficient similarity to make the evidence admissible." (Citation and punctuation omitted.) *Watts v. State*, 211 Ga. App. 774, 775 (1) (440 SE2d 700) (1994).

> Evidence of a conviction for incest with either a natural child or·stepchild of unspecified age involves a lascivious motivation or bent of mind which generally will have some probative value in determining an accused's motivation or bent of mind in a subsequent trial for child molestation. [Cit.]

(Punctuation omitted.) *Swift v. State*, supra at 774 (2) (b). Moreover, in this case, the evidence of sexual intercourse was found by the testifying physician in the same medical examination of the victim that revealed evidence of molestation. The trial court correctly noted that the evidence of intercourse was part of "a continuous course of conduct that's so interrelated with the other activity, it would be difficult to separate." This evidence therefore also formed part of the res gestae.

It is true that evidence of the commission of a separate crime is not admissible when the sole purpose is to show that the defendant is guilty of the other crime. But when the additional crime forms part of the res gestae or tends to show malice, intent, motive, or the like, a "logical connection" exists between the two crimes and the evidence of the additional crime is admissible. *Stephens v. State*, 239 Ga. 446, 447 (1) (238 SE2d 29) (1977). "[T]he state is entitled to inform the jury of all the circumstances surrounding the commission of the crime or crimes charged." (Citation and punctuation omitted.) *Boney v. Tims*, 254 Ga. 664, 665 (333 SE2d 592) (1985) (evidence of sodomy properly admitted in prosecution for kidnapping and armed robbery).

Myrick's contention that this evidence inflamed the jury is also without merit. See *Swift v. State*, supra at 775 (2) (e). Indeed, the jury clearly was not moved by passion or prejudice because it acquitted Myrick of the other, more serious, charges against him. See *Smith v. State*, 271 Ga. 507, 508 (3) (521 SE2d 562) (1999). The trial court did not err in admitting this evidence.[1]

2. In his final enumeration of error, Myrick complains that the

---

[1] In *Wall v. State*, supra, the Supreme Court of Georgia noted that prior difficulties evidence "should be accompanied by an instruction from the trial judge explaining the limited use to which the jury may put such evidence." Id. at 509. But Myrick failed to request such a charge, and neither *Wall* nor other prior difficulties cases "can be read to require a trial court to give a limiting charge, in the absence of a request, when evidence of prior difficulties is admitted." *State v. Belt*, 269 Ga. 763, 764-765 (505 SE2d 1) (1998).

trial court erred in allowing a videotape of a social worker's interview with the victim to be played for the jury, asserting that the evidence demonstrated insufficient indicia of reliability to authorize admission of the videotape under the Child Hearsay Statute, OCGA § 24-3-16. Specifically, Myrick contends the videotape was unreliable because the victim did not initially state to investigators that sexual intercourse occurred.

The trial court viewed the videotape with counsel and then held a hearing on its admissibility under the Child Hearsay Statute, OCGA § 24-3-16. The trial court, on the record, explicitly employed the ten-factor analysis established by *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991), and determined that sufficient indicia of reliability were shown. The trial court also specifically considered Myrick's contention that the victim's "escalating level of disclosures" rendered her videotaped statement unreliable. During the hearing, the trial court directly questioned an expert in the field of child sexual abuse, and the expert testified that such gradual disclosure does occur and that "usually children tell in what we call·dribs and drabs, just a little bit here and a little bit there, kind of testing the water." The victim, while she did not mention sexual intercourse in her initial statement, was consistent in her subsequent statements to an employee of the Department of Family & Children Services, a police officer, and the social worker. The trial court found that the videotape contained no indication of coaching or of leading questions on the part of the interviewer.

The *Gregg* factors "are to be applied neither in mechanical nor mathematical fashion, but in that manner best calculated to facilitate determination of the existence or absence of the requisite degree of trustworthiness." Id. at 241. Considering the child's age, the consistency of her later statements, the lack of coaching, the victim's fear of the defendant, and the physical evidence of repeated intercourse over an extended time, we find that the record establishes sufficient indicia of reliability to support the admission of the videotape. *Medina v. State*, 234 Ga. App. 13, 14 (1) (a) (505 SE2d 558) (1998). "Accordingly, any alleged inconsistencies in the victim's outcry statements were a matter for the jury's consideration in weighing the evidence, not a matter of admissibility. [Cit.]" Id. at 14-15. Moreover, the victim took the stand and testified at trial. Myrick "had the opportunity to and did, in fact, cross-examine the witness who made the out-of-court statement. Thus, the statement was properly admitted." (Citation, punctuation and footnote omitted.) Id. at 15 (1) (b). The trial court did not abuse its discretion in admitting the videotape under the Child Hearsay Statute.

*Judgment affirmed. Miller, J., concurs. Pope, P. J., concurs specially.*

POPE, Presiding Judge, concurring specially.

I fully concur with the majority. I write in response to footnote 1 of the majority opinion. Although our Supreme Court has held that, absent a written request, a trial judge is not required to give a limiting instruction when similar transaction or prior difficulty evidence is admitted, it has also stated that "it would be better for the trial judge to do so." *State v. Belt*, 269 Ga. 763, 765 (505 SE2d 1) (1998). In this regard, I would also note my agreement with the dissent in *Belt*, which states, "It falls to the trial court, as the insurer of the defendant's right to a fair and impartial trial before an unbiased jury, to inform the jury of the limited use to which it might put the potentially unfairly prejudicial evidence." Id. at 767.

DECIDED MARCH 20, 2000.

*Westmoreland, Patterson & Moseley, John L. Strauss,* for appellant.

*Tommy K. Floyd, District Attorney, Gail M. Travillian, Paul E. Hemmann, Assistant District Attorneys,* for appellee.